No. 21,661.

CORA J. SWADER, *Appellant,* v. THE KANSAS FLOUR MILLS COMPANY and R. W. HOFFMAN, *Appellees.*

SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Provisions for Compensation for Workman and for His Dependents—Act Constitutional.* The title, "An act to provide compensation for workmen injured in certain hazardous industries," is broad enough to include compensation for dependents of a workman fatally injured, and the latter topic is germane and pertinent to the main subject covered by the act, and such act does not violate the constitutional provision forbidding the inclusion of more than one subject in one act of the legislature.

2. SAME—*Death—Action for Compensation against Employer—Action for Damages against Third Party—Estoppel.* Section 5 of the workmen's compensation act gives an injured employee a statutory action or proceeding against his employer for compensation, and also for damages against a wrong-doing third party causing his injuries; and where the person entitled to maintain such statutory action is not estopped by her acceptance of compensation already provided for her, nor by her participation in arbitration proceedings to determine her compensation, nor by other acts constituting ratification or acquiescence, she may prosecute her action against both the employer and the wrong-doing third party; and she is not required to choose between the compensation allowed, or which may be allowed, and the damages which she may recover, until her action is tried and determined, but she is not entitled to recover both damages and compensation.

Appeal from Dickinson district court; ROSWELL L. KING, judge. Opinion filed July 6, 1918. Reversed.

*Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, for the appellant.

*G. W. Hurd, Arthur Hurd, Bruce C. Hurd,* all of Abilene, *T. A. Noftzger, George Gardner,* and *George W. Cox,* all of Wichita, for the appellees; *Samuel A. Harper,* of Chicago, Ill., of counsel.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff brought this action against the defendants for the wrongful death of her husband, who was killed by a fall through a false flooring placed near the top of a tall grain bin. The deceased was an employee of the defendant company, and the other defendant, Hoffman, was the company's manager.

The defendant company's answer pleaded that both the rights and liabilities of itself and the decedent were those prescribed by the workmen's compensation act; that pursuant thereto an arbitration had been made; that the defendant corporation had been found liable to plaintiff and her children in the sum of $2,297.16, payable in weekly installments of $20.15; that a bond had been exacted from the defendant corporation to secure the payment thereof, and that in compliance therewith it had been regularly paying such weekly compensation to the clerk of the court.

The defendant Hoffman's answer was to the same general effect; he denied the charge of negligence against him individually, and alleged that plaintiff had refused to agree to the arbitration, but that it had been duly made and adjudicated.

Plaintiff's reply admitted that the milling corporation was within the provisions of the compensation act, but alleged that she had never consented thereto and had not accepted the proceeds thereof, and—

"That the plaintiff was not bound by the decedent's failure to file an election not to come within the provisions of the compensation law and that the decedent was without power or authority to restrict the liability of the company to the provisions of said law and exclude plaintiff and her minor children from their other remedies, and that in so far as the workmen's compensation law attempted to restrict the company's liability as to the dependents of the workman, it was in violation of the state and federal constitution."

Replying to the answer of defendant Hoffman, plaintiff alleged—

"That even if said workmen's compensation law was the proper measure of compensation due plaintiff from the milling company, that the proceedings had thereunder had never been consented to or the benefits received or any money accepted and that as between plaintiff and defendant Hoffman, plaintiff was not bound by the provisions of said

law or the remedies or measure of compensation therein provided, and so long as she had not accepted the benefits of the court's adjudication against the milling company that the proceedings had thereunder did not constitute a bar to her cause of action against the defendant Hoffman."

Demurrers to the plaintiff's reply were sustained, and plaintiff appeals. Her first contention is that the title to the compensation act is not broad enough to embrace that portion of the act which treats of the remedies provided for the dependent family of a workman who meets his death in the course of his employment, and that the latter subject is independent and unrelated to the subject of compensation for injured workmen to such an extent that it could not be embraced in the same act with legislation relating to compensation for injured workmen without offending against section 16 of article 2 of the state constitution which reads:

"No bill shall contain more than one subject, which shall be clearly expressed in its title."

The court adheres to its decision in *Shade v. Cement Co.,* 93 Kan. 257, 261, 144 Pac. 249, touching the sufficiency of the title to embrace the entire subject matter of the act, and now holds that the compensation provided for the dependents of a workman who is *fatally* injured in the course of his employment is a germane and pertinent incident to the main subject, and not a different subject requiring a separate act of the legislature. (*Huyett v. Pennsylvania R. R. Co.,* 86 N. J. L. 683.)

Turning then to the main question, the compensation act provides that where the circumstances show a legal liability against a third person, as well as against the employer, the injured workman (and in case of fatal injury, the person acting in behalf of his dependents) may take proceedings against his employer for compensation *and* against the wrong-doing third party to recover damages, but he shall not be entitled to recover both *damages* and *compensation.* (Laws 1911, ch. 218, § 5, Gen. Stat. 1915, § 5899.)

The statute thus gives a sort of dual cause of action—for compensation and for damages—but qualifies and limits the recovery to the *one* or the *other.* The plaintiff has not accepted the compensation provided for her and her children under the

Jewell v. Trust Co.

arbitration proceedings, and she has done nothing to estop herself from exercising her dual action conferred by the statute. The time will probably come in the course of the present lawsuit when plaintiff must elect whether she will accept the compensation provided for her, or accept the damages which she may recover against Hoffman (provided she successfully maintains her cause of action against him), but there is nothing in the statute which says or infers that she need choose between the damages and the compensation until she knows definitely which is the more to her advantage.

In this respect the Kansas statute differs from some other state laws. English and Scotch decisions are cited by defendants, but upon careful examination we discern nothing therein which detracts from the views herein expressed. (See, also, *Columbia Law Review*, June 1918, Vol. XVIII, No. 6, p. 598.)

The demurrers to plaintiff's replies to the several answers of the defendants should be overruled, and the cause should proceed in accordance with the views herein expressed.

Reversed.