No. 24,515.

## B. C. STAMPS, *Appellee*, v. THE MISSOURI PACIFIC RAILROAD COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

PERSONAL INJURIES—*Collision—Street Car and Railroad Train—Special Findings—Negligence.* The proceedings in an action for damages for personal injuries to a street-car motorman, sustained when his car was struck at a street crossing by a passenger train, considered, and *held,* special findings that the plaintiff, after stopping his car, went far enough ahead to obtain adequate view along the railroad tracks, and was not otherwise guilty of contributory negligence, are sustained by sufficient evidence.

Appeal from Sedgwick district court, division No. 3; JESSE D. WALL, judge. Opinion filed June 9, 1923. Affirmed.

*W. P. Waggener, J. M. Challis,* both of Atchison, and *O. H. Bentley,* of Wichita, for the appellant.

*John W. Adams,* and *William J. Wertz,* both of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for personal injuries sustained by the plaintiff at a street crossing when the street car which he was operating was struck by one of the defendant's passenger trains. The plaintiff recovered, and the defendant appeals.

Ninth Street in the city of Wichita extends from east to west, and is crossed by the defendant's double-track railroad. The street car approached the crossing from the east, and the train approached from the north, on the west track. Some distance north of the crossing the railroad tracks curved toward the east. When the plaintiff approached the crossing he stopped the street car, went forward, looked for trains, and saw none. He returned to his car, received from the conductor the signal to proceed, and did so. The engine of the passenger train struck the street car midway of its length, and carried it a considerable distance on the pilot.

The negligence pleaded and found by the jury was excessive speed of the train. The jury found it was moving at the rate of twenty miles per hour. The issue relating to the defendant's negligence was well tried, and the result is protested only formally. The defendant does contend, however, the plaintiff was guilty of contributory negligence.

Stamps v. Railroad Co.

When the plaintiff stopped his car to go forward and look for trains, the front end of the car was twenty-four feet from the second track, the one on which he was struck. From the front of the car the plaintiff's view in the direction from which the train came was unobstructed for a distance of 125 feet. From the intersection of the street-car track with the west railroad track the view was unobstructed for a distance of 700 feet. The precise point at which the plaintiff made his observation for trains was not definitely established. He testified he crossed the first track. The jury found he went far enough to obtain adequate view. Had he gone to the point at which he could have seen for a distance of 700 feet, he could not have seen the train, because, at its rate of speed, it would not have been in sight. In order to have seen the train, it would have been necessary for him to go thirty feet beyond the west rail.

The court is not prepared to say the plaintiff was guilty of negligence as a matter of law because he did not go to the point at which the train might have been descried. The plaintiff was engaged in public service, the same as the defendant. He was operating a car for the transportation of passengers, and was not obliged to spend more time in going up the street on foot to look for a passenger train than was reasonably necessary. The defendant was not at liberty to choose its own rate of speed in approaching this crossing. It was required to take into consideration the traffic conditions there, including the street railway tracks and cars, and to operate its trains accordingly. Disregarding an ordinance limiting the rate of speed to five miles per hour, the train schedule was twelve miles per hour, and the defendant's testimony was that twelve miles per hour was a reasonable rate. There was no testimony that the plaintiff should have anticipated a rate of twenty miles per hour. If the train had not been moving at such an excessive rate of speed, the street car would have been off the track and out of danger before the train arrived. Therefore the finding of the jury that the plaintiff went far enough ahead of his car to obtain adequate view along the defendant's tracks must be approved.

The defendant contends the plaintiff negligently mismanaged his car after he saw the train. The contention is made in opposition to findings of fact elicited by both the plaintiff and the defendant fully covering the subject, and sustained by sufficient evidence.

The contention that recovery by the plaintiff is barred by his

election to seek compensation from his employer is disposed of adversely to the defendant in the case of *Swader v. Flour Mills Co.,* 103 Kan. 378, 176 Pac. 143, which interprets section 5 of the workmen's compensation act relating to the subject.

The judgment of the district court is affirmed.