Moeser v. Shunk.

---

No. 25,052.

EDNA MOESER, *Appellant*, v. BERTHA SHUNK, *Appellee*.

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Liability of Employer to Employee Arises on Contract.* The liability of an employer to his employee under the workmen's compensation act is a liability arising on contract.

2. SAME—*Injuries from Negligence of Third Party—Equitable Adjustment Between Employer and Employee—Does Not Affect Liability of Third Party.* Section 5 of the workmen's compensation act (R. S. 44-504) provides for an equitable adjustment between the employer and his employee when both are governed by the provisions of the act and the injury to the employee is caused by the negligence of a third party. It is not intended for the benefit of such third party, nor to relieve him from liability.

3. SAME—*Injuries Caused by Third Party—Actions May Be Had at the Same Time Against Employer and Third Party.* When an employee and his employer are within the provisions of the workmen's compensation act and the employee is injured by the negligence of a third person, the employee, or his dependents, if the injury result in death, may proceed to recover compensation from the employer and at the same time may maintain an action for damages against the third party whose negligence caused the injury.

4. SAME—*Receipt of Compensation from Employer No Defense to Action for Damages.* In such a situation the fact that the employee has proceeded to obtain compensation from his employer, by settlement or otherwise, is no defense to the action for damages, nor can that fact be shown by the defendant upon the trial of such action.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed June 7, 1924. Reversed.

*C. M. Williams, D. C. Martindell,* both of Hutchinson, *O. C. Mosman, Clay C. Rogers, Paul A. Buzard,* and *Don E. Black,* all of Kansas City, Mo., for the appellant.

*A. C. Malloy, R. C. Davis,* and *Warren H. White,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages by the widow and sole dependent for the death of her husband, alleged to have been caused by the negligence of defendant. The court overruled plaintiff's demurrer to the fifth paragraph of defendant's answer and plaintiff has appealed.

The circumstances giving rise to the controversy are as follows: Frank Moeser was in the employ of William D. Hamilton, doing business as the William D. Hamilton Sign Company, and operating under the workmen's compensation act. Moeser, while riding in a truck of his employer's, was injured in a collision between the truck and an automobile driven by defendant, and died from such injury. Plaintiff made a written contract with Hamilton which recited that the death of her husband resulted from injuries received in an accident while he was in the employ of Hamilton, which accident was the result of an automobile collision between a car in which Moeser was riding and one driven by defendant, under circumstances which indicated the collision was caused by the negligence of defendant, for which defendant would be legally liable in damages to plaintiff. That plaintiff desired to prosecute her claim for damages against defendant, and in order that plaintiff might prosecute such suit it was agreed that Hamilton would advance to plaintiff the sum of $60 per month until such time as plaintiff shall have collected her judgment against the defendant, or it be determined that defendant is not liable.

It was further agreed that should plaintiff succeed in realizing any money in the suit against defendant she would reimburse Hamilton for whatever amount he had advanced, and in the event she did not realize anything on account of such suit she might proceed against Hamilton to collect compensation as provided in the workmen's compensation law, and in that event Hamilton would not make any claim that the death of Frank Moeser did not arise out of or in the course of his employment or that the claim is not within the terms of the compensation law; and if Hamilton became liable to pay compensation under the agreement, whatever amount he had

previously advanced to plaintiff should be applied on the compensation found to be due, and provided that in no circumstances should Hamilton be liable or called to advance to plaintiff more than $3,800; and it was further understood and agreed that the plaintiff did not intend by the contract to accept compensation as provided under the compensation law. Hamilton was insured and the insurance company consented to the terms of the agreement between plaintiff and Hamilton and has been making the payments thereon of $60 per month, and at the time of trial had paid $1,680 to plaintiff.

In this case the defendant, in the fifth paragraph of her answer, set out this contract in full and averred that Frank Moeser was entitled to compensation from Hamilton under the compensation law; that the agreement between plaintiff and Hamilton was in effect a settlement of her claim against Hamilton for compensation and a recognition and payment of it by Hamilton, and amounted to an election on the part of plaintiff to accept compensation under the workmen's compensation law; that the agreement was made for the purpose of cutting off defenses the defendant in this action would have, and that by reason of this settlement and the acceptance of the money plaintiff was barred from maintaining this action. Plaintiff's demurrer to this portion of the answer was overruled, and she has appealed, contending that the ruling was error.

This calls for an interpretation of section 5 of the workmen's compensation law, which reads as follows:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages in respect thereof: (a) The workman may take proceedings against that person to recover damages and against any person liable to pay compensation under this act for such compensation, but shall not be entitled to recover both damages and compensation; and (b) if the workman has recovered compensation under this act, the person by whom the compensation was paid, or any person who has been called on to indemnify him under the section of this act relating to subcontracting, shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and shall be subrogated to the rights of the workman to recover damages therefor." (R. S. 44-504.)

This section has been before this court in two cases—*Swader v. Flour Mills Co.*, 103 Kan. 378; id. 703, 176 Pac. 143; and *Stamps v. Railroad Co.*, 113 Kan. 644, 218 Pac. 1115; 114 Kan. 477, 218 Pac. 1116. In the Swader case plaintiff brought action for the wrongful death of her husband, who was an employee of the defendant com-

pany, and the other defendant, Hoffman, was the company's manager. The defendant company pleaded that its liability was fixed by the workmen's compensation act; that pursuant thereto an arbitration had been had, and that it had been found liable to plaintiff and her children in a specific sum, payable in weekly payments, which payments had been made to the clerk of the court. The defendant Hoffman answered to the same effect. He denied the charge of negligence against him individually and alleged that plaintiff had refused to agree to an arbitration, but that it had been duly made and adjudicated. Plaintiff replied that she was not bound by the provisions of the workmen's compensation law so long as she had not accepted the benefits of the court's adjudication against the milling company, and that the proceedings had thereunder did not constitute a bar to her action against the defendant Hoffman. A demurrer to this reply was sustained and plaintiff appealed. In reversing the case this court said:

"The compensation act provides that where the circumstances show a legal liability against a third person, as well as against the employer, the injured workman (and in case of fatal injury, the person acting in behalf of his dependents) may take proceedings against his employer for compensation *and* against the wrongdoing third party to recover damages, but he shall not be entitled to recover both *damages* and *compensation*. . . . The statute thus gives a sort of dual cause of action—for compensation and for damages—but qualifies and limits the recovery to the *one* or the *other*. . . . There is nothing in the statute which says or infers that she need choose between the damages and the compensation until she knows definitely which is the more to her advantage." (pp. 380, 381.)

On the rehearing, the court was asked to interpret the word "recover" as used in the statute, and said:

"The word 'recover' means to 'get,' 'procure,' 'obtain,' and the like, and the provision concerns itself with actual payment of money as damages or compensation and is not limited to the recovery of judgments upon which nothing may be realized." (p. 703.)

In the Stamps case plaintiff was in the employ of the street-railway company and was injured while operating his car across the track of the Missouri Pacific railroad, and, as he claimed, because of the negligence of the railroad company. His employer, the street-car company, paid him compensation for a period of six months and then desisted. He then filed a petition praying compensation and requesting arbitration, to which his employer consented, and there the proceedings rested. While the payments were being made he brought an action against the railroad company for damages for its

negligence, and it was contended that the action could not be maintained for the reason that the plaintiff had received compensation in part and had made a claim for compensation under the statute, on which an arbitrator had been appointed at his request. This court denied the claim of the railroad company and said:

"The employer could not fix amount of compensation by making a few payments which the workman accepted, and compensation has not been ascertained, settled, or provided for by agreement, arbitration, action, or conduct of the parties. The statutory election is not between proceedings, but between compensation, agreed to or established, and damages. The workman can receive but one satisfaction. This is plainly stated in the cited case. But, as the court held, he is not required to elect until he knows definitely which source of recompense for his injury is more advantageous. Meanwhile it is of no concern to the wrongdoer that some payments are made and accepted by way of compensation. His liability for damages is not abated, and should the workman recover and receive compensation in full, the liability subsists in favor of the person paying the compensation, who by express terms of the statute is subrogated to the workman's right to damages, to the extent of compensation paid." (*Stamps v. Railroad Co.*, 114 Kan. 477, 478.)

Whether the injured employee or his dependents recover compensation from the employer or damages from a wrongdoing third party is hardly an election of remedies as that term is ordinarily used in the law. The workmen's compensation law fixed the liability of an employer to his employee where both parties are under the law, and this liability is founded upon the contract of employment and the statute. The liability in no sense depends upon tort. It is a liability growing out of contract, the terms of the statute being embodied in the contract. As between the employer and employee the remedy provided by the workmen's compensation law is exclusive. The injured employee or his dependents must recover upon the contract of employment, which includes the provisions of the workmen's compensation act. (*Shade v. Cement Co.*, 92 Kan. 146, 139 Pac. 1193; *McRoberts v. Zinc Co.*, 93 Kan. 364, 144 Pac. 247.) The statute does not attempt in any way to determine the rights or liabilities of the employee in respect to a person not his employer. It does not repeal the statute providing for an action for wrongful death (R. S. 60-3203), nor does it take away from an employee his common-law right of action for injury to the person against one not his employer who by negligence has caused the death or injury. When one not the employer causes injury to a workman it is really none of his concern whether the person injured has an estate, or has life insurance, or accident insurance, nor what

his contract of employment may be with his employer; these things neither increase nor decrease his liability. To hold otherwise would, in a sense, be to license reckless persons negligently to injure an employee working under the compensation act without liability, though a similar injury to another person would create liability.

Remembering that section 5 of the statute is a part of the contract between the employer and the employee, when the employee has been injured by the negligence of a third party not under the act, the only thing the statute does is to permit the employer, who was not at fault but who by his contract had to pay the employee, to be reimbursed for the money he was thus required to pay out of the moneys the employee recovers from the wrongdoing third party. Hence there is in no true sense an election of remedies under our statute. The injured employee may at the same time proceed both against his employer under the compensation act and against the wrongdoing third party; the statute specifically so provides, and for him to fail to do so might cause him to lose the right to recover by failure to give notice or by the statute of limitations. There is no privity of liability between the employer and the wrongdoing third party. The employer is liable under his contract with his employee, which contract, the statute, specifically provides the measure of his liability without regard to any negligence or wrong on his part; while the wrongdoing third party is liable only in tort and for his wrong and negligence resulting in injury or death, and the elements of damage include pain and suffering as well as financial loss.

Without undertaking an exhaustive examination of the compensation statutes of other jurisdictions, it may be profitable to note some features of them. It is characteristic of such statutes that, as between the employer and employee when both parties are under the act, they provide the exclusive remedy for the employee. Generally speaking, they do not attempt to limit or qualify the rights, duties or liabilities between persons not under the act. In only two states, so far as we have been able to discover, have the acts, because of their specific wording, been held to be exclusive also of the rights of the employees as against third persons not under the act. (*Peet v. Mills*, 76 Wash. 437; *Black v. Northern Pac. Ry. Co.*, 66 Mont. 538.) But this interpretation of the Washington statute was criticized by the United States circuit court of appeals in *Meese v. Northern Pac. Ry. Co.*, 211 Fed. 254. These holdings

do not apply in this state, because of the different wording of the statutes.

Many of the statutes make some provision for relieving the employer of payment or reimbursing him for compensation paid when the injury to the employee is caused by the negligence of a third person not under the act. These statutory provisions may be classified as follows:

(*a*) Those which specifically require that the employee, before bringing suit against the third party or presenting a claim under the act, shall elect whether to take compensation or to pursue his remedy against the other party. But even where the statute was thus worded, it was held in *Lancaster v. Hunter*, 217 S. W. 765 (Tex.), where the workman was entitled to compensation, and did in fact receive several hundred dollars in weekly payments, that the statute does not destroy his right to sue the third party wrongfully causing the injury. In *Barton v. Oklahoma, K. & M. Ry. Co.*, 220 Pac. 929 (Okla.), where plaintiff had presented his claim to the industrial commission and the award had been made and allowed, the award was set aside upon a showing that the workman had not been advised as to his legal rights, and he was then permitted to maintain an action for damages against the wrongdoing third party.

(*b*) Some of the acts provide in such a case, "the employee may, at his option," either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages, but he shall not proceed against both, with provision for indemnifying or subrogating the employer under certain circumstances. Such was the provision of the English act of 1897 (ch. 37, 60 & 61 Vic.). Construing that statute in *Oliver v. Nautilus Steam Shipping Co.*, 2 K. B. L. R. 1903, it appeared that the plaintiff, while in the employ of a company operating under the act, was injured by the negligence of a third party. He notified his employer and was paid compensation for four weeks and four days and signed a receipt "on account of compensation which may be or become due to me under the workmen's compensation act, 1897." He was later compensated at one pound per week, which he accepted "without prejudice." These weekly payments were continued for more than four months, when he refused to accept further payments, and shortly afterwards brought suit against the third-party wrongdoer for damages. The court held: "Justice requires that in this case the court should hold that the workman had not irrevocably

bound himself by what he had done, or exercised his option under the section so as to enable the defendants to say they were not liable to him at common law."

In *Silvia v. Scotten,* 122 Atl. 513 (Del.), the action was brought by the widow of the deceased employee against a third party for wrongful death. The court, construing a similar statute, held that the third party may be sued after compensation had been accepted under the act.

In *Bristol Telephone Co. v. Weaver,* 146 Tenn. 511, construing a similar statute, the court said: "It will readily be seen that the provisions of this section of the workmen's compensation act are strictly for the benefit of the employer and employee. It in no way protects a third person from suit whose negligence may have contributed to the injury or death of the employee. There is nothing in said section which abridges or limits the employee's common-law right of action against such third person." (p. 522.) The Louisiana statute contains the same provision (Act 20, § 7, 1914). Construing this in *Lowe v. Morgan's Louisiana & T. R. & S. S. Co.,* 150 La. 29, the court said: "All that section 7 of the workmen's compensation act intended to do was to give the employer a statutory subrogation *pro tanto* to the rights of an employee injured through the negligence of a third party, and employee claiming compensation from the employer did not forfeit his right of action against the third person. . . ." Construing a similar Michigan statute in *Wood v. Vroman,* 215 Mich. 449, the court said: "This court has, on several occasions, decided that the liability under our workmen's compensation act rests solely upon contract. Money received under a contract may not be considered in a suit for damages for a tortious injury. . . . If the defendant was guilty of the tort complained of, he may not relieve himself from liability by showing that plaintiff has received compensation on account thereof from any other source. . . ." (pp. 463, 465.) A similar statute of Massachusetts, in *Coughlin v. Royal Indemnity Co.,* 244 Mass. 317, was held to require an election, and that an employee, by proceeding against a third party, lost his right under the act against his employer.

(c) Some of the statutes provide in such a case that the employee may proceed at the same time against his employer for compensation under the act and against the wrongdoing third party for damages with a provision for proper adjustment upon recovery from the

wrongdoer between the employer and his employee by indemnification or subrogation. Such is our statute. The English act of 1897 was amended in 1906 (6 Edw. 7, ch. 58, p. 330), by substituting for the provision construed in *Oliver v. Nautilus Steam Shipping Co.,* supra, a section worded as section 5 of our act. (R. S. 44-504.) In construing this amended statute in *Wright v. Lindsay and, another,* 49 Scot. L. R. 210 (1911), it appears that plaintiff was injured in a collision with a motor car which belonged to defendant, the driver of which was negligent. He claimed and received compensation from his employer, but this was done upon an express agreement that he was to sue the party at fault for damages, and if successful the sums paid him by his employer were to be returned. In the damage action defendant pleaded that plaintiff had already received compensation for his injury, and that his right to recover in damages was barred. The court denied this plea and said:

"The sixth section of the 1906 act is expressed in different terms from the corresponding section of the earlier act. The workman is now entitled to take proceedings both against the third party by whose negligence he has been injured and against his own employers under the act. In this respect it is more favorable than the earlier act, which gave the workman only an option to proceed either at law against the third party to recover damages or against his employers for compensation under the act, but not against both. The only limitation now is that he shall not be entitled to recover both damages and compensation. The sheriffs in deciding the case against the pursuer have put a very narrow meaning upon the word 'recover.' In their view it is enough that the pursuer has, as in a question with his employers, accepted payments of money from them ,as in satisfaction of compensation under the act. I do not. think I should have differed from them if the payments had not been made and accepted under reservation of the pursuer's right to proceed against third parties. But where a payment is made by an employer to his workman on the footing that he shall be entitled to recover damages at common, law against third parties, and that the sums which the employer has disbursed are to be repaid out of any damages which he may so recover, I think the case is entirely different. The compensation so paid is in the nature of an advance by the employer for the maintenance of the pursuer pending proceedings to make good his claim, and is only accepted as in full of the workman's right under the act against his employer in the event of his claim against the third party being unsuccessful. I cannot think that it was ever intended that the act should make ineffectual an arrangement of this kind, eminently reasonable from the point of view of both workman and employer and in the interests of both." (p. 213.)

In *Mingo v. Rhode Island Company,* 42 R. I. 543, the plaintiff, a truck driver, was injured in a collision by the negligence of one other than his employer, and sued for damages. The Rhode Island

statute is identical with section 5 of our statute. The defendant pleaded that plaintiff and his employer entered into an agreement in accordance with the workmen's compensation act, whereby the employer agreed to pay plaintiff a certain sum for medical aid and also compensation at a stated sum per week during the period of total incapacity resulting from the injury; that this agreement was duly filed with and approved by the superior court, and that the employer had paid plaintiff in accordance with the terms of the agreement a stated sum as compensation under the compensation act. There was a further agreement that the employer should be reimbursed for the payments made out of any damages recovered from the defendant. The court held that this did not preclude the employee from suing the negligent third party.

In *O'Brien v. Chicago City Ry. Co.*, 305 Ill. 244, it was held:

"The provision in the workmen's compensation act abolishing the common-law right to recover damages for an injury sustained by an employee in the line of his duties as such employee does not apply to injuries caused by the negligence of persons other than the employer, who have not elected to be bound by the provisions of the statute."

The case is especially well considered, the earlier state cases on the subject being cited, construed and distinguished. The court said:

"The workmen's compensation act effects a complete change in the rights and liabilities of an employer and his employee in regard to accidental injuries to the employee. The common-law action for negligence can no longer be maintained, but the statutory remedy alone is available. The act makes no reference and has no application to the rights and liabilities of third parties, except as those rights and liabilities affect the relative rights of the employer and employee as between themselves. Section 29 [which corresponds with our section 5] deals with cases of this character, and only with cases of this character—cases in which the injury or death was caused under circumstances creating a legal liability for damages on the part of some person other than the employer. The language of the section assumes that the liability of a person other than the employer, which existed at common law, continues after the adoption of the act; . . . other provisions of the act have imposed on the employer a liability to pay the fixed compensation, regardless of the fact that he is wholly guiltless of negligence or of any fault. The employee being entitled, in such case, to recover the full amount of his damages from the person causing the injury by his negligence, a complete equitable adjustment of the rights of the employer and employee, as between themselves, would require that out of the amount so received the employer, who was guiltless of any wrong, should receive indemnification for the compensation which he had advanced." (p. 252.)

After citing and commenting upon earlier cases it was said:

"From these cases it appears that we have held (1) that the common-law

right of action of an employee against his employer for negligently injuring him in the course of his employment is abolished; (2) [not covered by our statute]; (3) that the common-law right of action of an employee against any other person than his employer for negligently injuring him in the course of his employment, where such other person is not bound by the provisions of the workmen's compensation act, is not affected by the act, but is preserved in its full extent to the employee; (4) while the right of action against the person negligently causing an injury who is not bound by the. provisions of the act is unaffected by it, the employer who is free from negligence is entitled to indemnification from the proceeds of such cause of action for the compensation he is bound to pay, and the cause of action may be prosecuted in the name of either the employer or the employee, but in either case is for the benefit of both, in accordance with their respective rights; (5) that, in cases of negligent injury caused by a person not bound by the act, the injured employee is not put to his election between compensation under the statute and damages at common law, but may prosecute the common-law action and the statutory claim for compensation at the same time."

And further it was said:

"No injustice is done to a person negligently injuring another in requiring him to pay the full amount of damages for which he is legally liable, without deduction for compensation which the injured person may receive from another source, which has no connection with the negligence, whether that source is a claim for compensation against his employer, a policy of insurance against accidents, a life insurance policy, a benefit from a fraternal organization, or a gift from a friend."

Though more explicitly worded as to the manner in which the employer may proceed to be indemnified or subrogated, the statutes of New Jersey and Connecticut are like ours on the point now being considered, and in *Churchill v. Stephens*, 91 N. J. L. 195, it was held that an employee's right to compensation from his employer did not prevent the bringing of an action against a third person liable for the injury, and in *Duffy v. Bishop Co.*, 99 Conn. 573, an action by an injured employee against a third party, it was held that whether payments had been made to the employee by his employer under the compensation act was not germane to the issue to be tried.

In *Podgorski v. Kerwin*, 144 Minn. 313, it was held that an employee may maintain an action against a third-party wrongdoer notwithstanding a settlement had with his own employer and the payment of the amount agreed upon.

In *Black v. Chicago G. W. R. Co.*, 187 Iowa 904, it was held that a servant injured through negligence of a third person may recover

17—116 Kan.

damages from the third person after receiving compensation from
his employer subject to the right of the employer to be indemnified
out of the damages recovered for the amount of compensation paid.

*Smale v. Wrought Washer Mfg. Co.,* 160 Wis. 331, as between an
employer and his employees, the remedies provided in the workmen's
compensation act are exclusive when both are subject to the act at
the time of the accident, but such act does not in any way abridge
the remedies which an employee of one person may have at law
against a third person for a tort which said third person commits
against him.

In *Lengle, Appellant, v. North Lebanon Twp.,* 274 Pa. St. 51, it
was held:

"In an action brought to recover damages for children, whose father had
been killed through the negligence of defendant, it is reversible error to admit
evidence that the children had received compensation under the workmen's
compensation act." (Syl. 2.)

The court said:

"Under the act, the employer or insurance company has the right to be
subrogated in any verdict recovered for the amount to be paid by virtue of
the compensation agreement or order of the board. The procedure necessary
for subrogation has been pointed out in a prior decision of this court, so that
in no view of the case was this evidence admissible; on the contrary, it was
harmful to plaintiff's action." (p. 54.)

In this case we might hold that the contract between plaintiff and
Hamilton adopted by his insurer does not amount to an award under
the compensation act, and that the payments which have been made
by the insurance company and received by plaintiff have not been
made and received as compensation, and in taking that view we
would be supported by *Wright v. Lindsay,* supra, and *Mingo v.
Rhode Island Company,* 42 R. I. 543, and some other cases; but to
do so would give effect to the language of the contract by which the
parties sought to camouflage what they actually did, rather than to
what was actually done. The statute provides for the settlement of
claims for compensation (R. S. 44-520), and the courts encourage it.
(*Graham v. Elevator Co.,* 115 Kan. 143, 222 Pac. 89.) When the
employer and the one entitled to compensation agree upon the
amount to be paid and the time of its payment, there is no necessity
for court proceedings. Here the employer and his insurer agreed to
pay the maximum amount for a death claim under the compensation
act, and to pay it in substantial conformity to the requirements of
the act, and under that agreement the insurer has paid, and plain-

tiff has received, a substantial sum. It is difficult to say this was not in effect a settlement under the compensation act, and since defendant desires it to be so treated, we shall, for the purpose of this decision, so regard it. But the question still remains, Why should that concern the defendant in this case any more than the amount of property plaintiff inherited from her husband at the time of his death, or the amount of life, health or accident insurance he left her? If defendant's negligence was the cause of the death of plaintiff's husband, defendant is liable to plaintiff in damages. That is the issue for trial in this case, and the court does not have before it other property rights of the plaintiff. After a judgment is obtained by plaintiff against defendant in this case—if one be obtained—and defendant is ready to pay the judgment, then it will be proper for defendant to inquire if Hamilton or his insurer is entitled to the money, but until that time defendant has no concern with the contract of employment between plaintiff's husband and his employer, nor with the contract pleaded.

The judgment will be reversed with directions to sustain the demurrer to the fifth paragraph of defendant's answer.