(763 P.2d 640)

No. 62,022

CAROLYN KAY HILL, *Appellant,* v. ALBERT JACK HILL, *Appellee.*

Opinion filed October 28, 1988.

*Jack L. Lively,* of Hall, Levy, Lively, DeVore and Beloit, P.A., of Coffeyville, for appellant.

No appearance by appellee.

Before ABBOTT, C.J., RULON and GERNON, JJ.

ABBOTT, C.J.: Carolyn Kay Hill appeals from an order pursuant to K.S.A. 1987 Supp. 60-1610(a)(1) terminating payment of child support.

Carolyn Kay Hill and Albert Jack Hill were married on December 12, 1962. Their only child, Lance Edward Hill, was born on August 6, 1969.

Carolyn and Albert were divorced in 1977, and Carolyn received custody of Lance. Albert was ordered to pay child support of $150 a month. The amount of child support was subsequently raised to $239 a month.

Lance, who turned eighteen on August 6, 1987, was enrolled as a senior in high school for the 1987-88 school year. In August 1987, Albert stopped making child support payments. On August 20, 1987, Albert moved to terminate child support, and the motion was granted.

The divorce decree ordered:

"3. That the defendant pay to the plaintiff the sum of $150.00 per month for the support of Lance Edward Hill, minor son of the parties, until said son has attained his majority or become self-supporting . . . ."

Carolyn contends on appeal that K.S.A. 1987 Supp. 60-1610(a)(1)(B) requires the trial court to extend child support payments until Lance finishes high school.

Prior to 1986, Kansas law provided the following rules for child support:

"The court shall make provisions for the support and education of the minor children. . . . Regardless of the type of custodial arrangement ordered by the court, the court may order the child support and education expenses to be paid by either or both parents for any child less than 18 years of age, *at which age the support shall terminate* unless the parent or parents agree, by written agreement approved by the court, to pay support beyond the time the child reaches 18 years of age." (Emphasis added.) K.S.A. 1985 Supp. 60-1610(a)(1).

In 1986 the legislature amended the statute to add the following language:

"or (B) the child reaches 18 years of age before completing the child's high school education in which case the support shall not terminate, unless otherwise ordered by the court, until June 1 of the school year during which the child became 18 years of age if the child is still attending high school." L. 1986, ch. 137, § 25.

The amendment became effective July 1, 1986.

In 1987 Lance turned eighteen before completing his high school education. The 1987-88 school year commenced July 1, 1987. K.A.R. 91-31-1(n). Albert moved the trial court to terminate child support based on the language of the original divorce decree. The trial court, in granting the motion, held that Carolyn had failed to petition the court for an extension of support before Lance turned eighteen, the 1986 amendment was not intended to be applied retroactively after a child turned eighteen, and the court had, therefore, lost jurisdiction to modify the obligations of the parties.

The fundamental rule of statutory construction is that the intent of the legislature governs. *Citizens State Bank of Grainfield v. Kaiser,* 12 Kan. App. 2d 530, 536, 750 P.2d 422 (1988). When construing a statute, a court should give words in common usage their natural and ordinary meaning. *In re Estate of Robinson,* 236 Kan. 431, 436, 690 P.2d 1383 (1984).

In our opinion, the language of the 1986 amendment states that child support shall not terminate at eighteen if the high school

education is incomplete *unless* the court so orders. An affirmative court action was required to terminate the support, not, as the trial court said, to extend it.

The trial court held that nothing in the legislative history of the amendment indicates the amendment is to apply retroactively.

Our Supreme Court has held that changes in child support requirements do not reach back to operate retrospectively, but only operate from the date of the change. See *Jungjohann v. Jungjohann*, 213 Kan. 329, 335-36, 516 P.2d 904 (1973). In the present case, the court was not asked to retroactively change the child support obligation but to apply the statutory extension of the length of obligation. The legislative history of K.S.A. 1987 Supp. 60-1610(a)(1) reveals the legislature intended this extension to apply to child support orders entered prior to July 1, 1986.

In 1988 the legislature again amended K.S.A. 1987 Supp. 60-1610 to add the following language:

"Provision for payment of support and educational expenses of a child after reaching 18 years of age if still attending high school shall apply to any child subject to the jurisdiction of the court, including those whose support was ordered prior to July 1, 1986. If an agreement approved by the court prior to the effective date of this act provides for termination of support before the date provided by subsection (a)(1)(B), the court may review and modify such agreement, and any order based on such agreement, to extend the date for termination of support to the date provided by subsection (a)(1)(B)." L. 1988, ch. 215, § 1.

The amendment became effective July 1, 1988.

"Legislative intent of the meaning of the original act may be gleaned by a subsequent amendment of the act, and in such event the legislative interpretation is binding in all cases arising after the legislative intent has been made manifest." *Gorup v. Kansas Public Employees Retirement System*, 3 Kan. App. 2d 676, Syl. ¶ 2, 600 P.2d 1161 (1979).

An examination of the legislative history of the most recent amendment reveals it was intended to clarify the law, not to introduce a substantive change in the law.

The minutes of the House Judiciary Committee considering the amendment refer to a letter from Court Trustee Anne McDonald. Minutes of Hearing on H.B. 2860—Child Support and Education under Decree of Divorce, Before House Committee on Judiciary, February 24, 1988. This letter states the amendment "clarifies the legislative intent of an amendment passed in 1986." The letter explained:

"[C]ommon sense and practical experience tell us that thousands of children

have parents who divorced after the legal and social barriers were lessened in the early 1970's. The late 1970's brought double digit inflation, which greatly increased the cost of rearing children. We also know that many children reach the age of 18 before they graduate from high school; presumably they cannot hold a full time job to support themselves and complete their education at the same time. Hence they remain dependent upon their parents during the very interval addressed by the amendment."

The Senate subcommittee considering the amendment stated the amendment was "introduced to clarify child support payments at age 18 and attending high school." Minutes of Senate Subcommittee #2 on Judiciary, March 24, 1988.

The 1988 amendment makes it clear that the 1986 amendment applies to all child support cases over which the trial courts had jurisdiction in 1986. The trial court in the present case had jurisdiction over child support to Lance in 1986 and 1987. The plain language of K.S.A. 1987 Supp. 60-1610(a)(1)(B) provides automatically for an extension of Albert's child support obligations.

Reversed and remanded for a determination of the amount of child support owed from August 1987 to June 1, 1988.