No. 63,999

HAROLD L. McGRANAHAN, *Plaintiff/Appellee*, v. DONALD W. McGOUGH and UMTHUN TRUCKING COMPANY, *Defendants*, and BETTIS ASPHALT, *Intervenor/Appellant*, and NATIONAL INDEMNITY COMPANY, *Insurance Carrier/Intervenor/Appellant*.

Opinion filed November 30, 1990.

*Ronald J. Laskowski*, of Fisher, Patterson, Sayler & Smith, of Topeka, for appellant.

*Kevin L. Diehl*, of Ralston, Buck, Hayden & Diehl, of Topeka, for appellee.

Before BRAZIL, P.J., DAVID PRAGER, Chief Justice Retired, assigned, and FREDERICK N. STEWART, District Judge, assigned.

STEWART, J.: This is an appeal from a district court decision that Harold L. McGranahan could structure a settlement in a work-related tort action against a third party to avoid subrogation by Bettis Asphalt, his employer, and National Indemnity Company, its workers compensation carrier.

Harold L. McGranahan was in a pickup truck when his vehicle was struck by an Umthun Trucking Company truck driven by Donald W. McGough. At the time of the accident, McGranahan was working and on the job for Bettis Asphalt Company. McGranahan suffered injuries to his right knee. He filed a workers compensation claim and received benefits, which included temporary disability compensation, medical expenses, and permanent partial disability compensation.

McGranahan also sued McGough and Umthun Trucking Com-

pany. Bettis Asphalt and National Indemnity Company moved to intervene, and the motion was granted.

McGranahan settled with McGough and Umthun Trucking for an amount that included medical expenses, loss of service for his wife, and pain and suffering. The district court found the settlement "fair, just and equitable" and entered the judgment. The district court later resolved the subrogation issue when it allowed Bettis Asphalt and its insurer to recover only the medical expenses less attorney fees. Bettis Asphalt and National Indemnity Company appeal on the subrogation issue as it pertains to the recovery for pain and suffering and loss of services.

To resolve the issues in this case, this court must determine the legislative intent of the workers compensation subrogation statute, K.S.A. 1989 Supp. 44-504.

"The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when the intent can be ascertained from the statute. In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible." *State v. Adee,* 241 Kan. 825, 829, 740 P.2d 611 (1987).

Since the statute at issue is a part of the Workers Compensation Act an additional rule of construction must be remembered. "[W]hen a workers' compensation statute is subject to more than one interpretation, it must be construed in favor of the worker if such construction is compatible with legislative intent." *Houston v. Kansas Highway Patrol,* 238 Kan. 192, 195, 708 P.2d 533 (1985).

The question here concerns the extent of an employer's subrogation rights to an employee's recovery in a third-party action. "The extent and nature of the subrogation rights of an employer under the workmen's compensation statutes are matters for legislative determination." *Negley v. Massey Ferguson, Inc.,* 229 Kan. 465, 469, 625 P.2d 472 (1981). Since 1927, the legislature's determination has been expressed in one version or another of K.S.A. 44-504, which now says in part:

"(a) When the injury or death for which compensation is payable under the workers compensation act was caused under circumstances creating a

legal liability against some person other than the employer or any person in the same employ to pay damages, the injured worker or the worker's dependents or personal representatives shall have the right to take compensation under the workers compensation act and pursue a remedy by proper action in a court of competent jurisdiction against such other person.

"(b) In the event of recovery from such other person by the injured worker or the dependents or personal representatives of a deceased worker by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by the employer to the date of such recovery and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien. Whenever any judgment in any such action, settlement or recovery otherwise is recovered by the injured worker or the worker's dependents or personal representative prior to the completion of compensation or medical aid payments, the amount of such judgment, settlement or recovery otherwise actually paid and recovered which is in excess of the amount of compensation and medical aid paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of the compensation or medical aid." K.S.A. 1989 Supp. 44-504.

"The applicable language in K.S.A. 44-504 is clear and unambiguous—and not capable of two interpretations. The statute unequivocally states 'in the event of recovery from such other person . . . by . . . settlement . . . the employer shall be subrogated to the extent of the compensation and medical aid. . . .'" *Houston v. Kansas Highway Patrol,* 238 Kan. 192, 195-96, 708 P.2d 553 (1985). See *Negley v. Massey Ferguson, Inc.,* 229 Kan. at 468. Further, K.S.A. "44-504 expressly gives the employer a lien on the first proceeds recovered by the injured workman from a negligent third party." *Houk v. Arrow Drilling Co.,* 201 Kan. 81, 92, 439 P.2d 146 (1968).

Workers compensation laws have always been at best a compromise.

"There is thus a sort of balancing of benefits in the common interest. Some employees may receive less compensation for injuries received than they would have been able to recover in a common-law action, while many other employees will receive benefits which they otherwise would not be able to receive because of the inability to establish the employer's negligence." *Hormann v. New Hampshire Ins. Co.,* 236 Kan. 190, 192, 689 P.2d 837 (1984).

The terms of this compromise are incorporated in employment contracts, and the parties to those employment contracts are

bound by the remedies provided by the act. 236 Kan. at 193. Further, "[t]he Act is considered to be substitutional rather than cumulative and supplemental, and, therefore, provides the exclusive remedy for the injured worker." 236 Kan. at 193.

Until the Supreme Court's decision in *Houston v. Kansas Highway Patrol,* 238 Kan. 192, there was little question about the extent of employers' subrogation rights in workers compensation cases. In fact, the majority in *Houston* adopted, in effect, the traditional position on subrogation rights. That case involved a state highway patrol sergeant who was injured while writing a ticket on a highway. The injury occurred when a driver struck the officer's car, which then struck him. He suffered a 25 percent permanent partial disability as a result of the accident and received a workers compensation award of approximately $40,000. The worker claimed, unsuccessfully, that he should be able to retain $2,273.62 of the settlement because that portion of the settlement was for damages that were not compensable under the Workers Compensation Act. 238 Kan. at 195. In denying the worker's claim, the court said:

"'Had the settlement documents clearly stated a certain amount was specifically for these personal noncompensable losses and had such amount been supportable in fact (as opposed to an effort to circumvent the operation of the statute), a much stronger argument in support of claimant's position could have been made. Such is not the situation before us. We conclude the trial court did not err in denying claimant the right to take his claimed personal losses off the top of the settlement." 238 Kan. at 196.

The concurrence and dissent went much further: "The purpose of K.S.A. 44-504 is to insure that the injured worker does not receive a double recovery. The employer should be reimbursed only from that portion of a settlement or judgment that would be compensable under the Act. That is the intent of the legislature." 238 Kan. at 200-01.

In the case at bar, the terms of the settlement agreement were spelled out as to medical expenses, loss of services, and pain and suffering. There is no question that the amount for medical expenses is subject to subrogation. The parties disagree, however, about McGranahan's right to retain the pain and suffering award and the loss of services award.

Given the history of 44-504, there is no question the legislature

intended awards for personal injury to be subject to subrogation in situations similar to the one at bar. Pain and suffering damages are traditionally a portion of damages recoverable in personal injury actions. Indeed, Kansas courts have recognized this in considering subrogation rights in workers compensation cases. See, *e.g.*, *Negley v. Massey Ferguson, Inc.*, 229 Kan. at 468 (in event employee recovers, employer is subrogated to extent of compensation paid by employer); *Houk v. Arrow Drilling Co.*, 201 Kan. at 91-92 (employer has lien of first proceeds from worker's tort action); *Moeser v. Shunk*, 116 Kan. 247, 252, 226 Pac. 784 (1924) (elements of damage include pain and suffering as well as financial loss). Though appellate courts in Kansas have considered the subrogation question a number of times in a number of ways, none has ever held that an employer should not be subrogated to damages for pain and suffering awarded a worker in a 44-504 situation. It should also be noted the plaintiff in *Houston* never claimed a right to withhold pain and suffering damages from subrogation. Instead, the worker sought to retain only damages for "losses of sick pay, of certain holiday pay, and of personal property." 238 Kan. at 195. Nor did any member of the Supreme Court in *Houston* suggest that the worker had any right to withhold pain and suffering damages from subrogation.

The question of the employer's right to subrogation for the loss of services claim appears at first glance to be somewhat different. This element of damages, which has also been called loss of consortium, theoretically is damage to an injured worker's spouse and not the employee.

However, this right of action is governed by K.S.A. 23-205, which says in part:

"Where, through the wrong of another, a married person shall sustain personal injuries causing the loss or impairment of his or her ability to perform services, the right of action to recover damages for such loss or impairment shall vest solely in such person, and any recovery therefor, so far as it is based upon the loss or impairment of his or her ability to perform services in the household and in the discharge of his or her domestic duties, shall be for the benefit of such person's spouse so far as he or she shall be entitled thereto."

K.S.A. 23-205 includes loss of services as an element in personal injury damages that may be sought by the injured worker alone,

and, therefore, the rationale for subrogation of pain and suffering damages would also apply.

Family members, as well as employees, benefit from the compromise of workers compensation statutes. The family budget is spared loss of income and necessary medical expenses that it might otherwise incur.

Had the injured worker died and his family prevailed in a wrongful death suit, his employer would have been entitled to subrogation of the proceeds. The right to subrogation in wrongful death workers compensation cases has a long history in Kansas and is discussed in detail in *Moeser v. Shunk,* 116 Kan. 247.

*Moeser* involved questions of election of remedies under an earlier version of the Workers Compensation Act but is informative on the policy goals in subrogation. When an employee has been injured by the negligence of a third party who is not liable under the Act, the statute only permits the employer, who was not at fault but who is contracted to pay the employee, to be reimbursed for the money it was thus required to pay out of the monies the employee recovers from the third party. 116 Kan. at 252.

K.S.A. 60-1904 provides that elements of damage in wrongful death actions may include "mental anguish, suffering, or bereavement; loss of society, companionship, comfort, or protection; loss of marital care, attention, advice or counsel; loss of filial care or attention; and loss of parental care, training, guidance, or education, and the reasonable funeral expenses for the deceased."

If loss of consortium as an element of damages is subject to subrogation in a wrongful death action, why should an action by a surviving worker differ?

In their dissent in *Houston,* 238 Kan. at 199, Justices Lockett, Prager, and Herd posed the circumstance in which a worker's automobile was damaged in his work-related accident. They felt that there was danger under the majority opinion that property damage recovered could be subrogated to the employer.

Property loss, however, is a separate cause of action from a personal injury claim, even when against the same defendant. Such loss is not merely an element of damages in a personal injury claim.

To allow plaintiffs and defendants to specify a particular element

of personal injury damage in their settlement so as to defeat subrogation of that award to the employer who has compensated the employee for that personal injury defeats the intent of K.S.A. 1989 Supp. 44-504. We believe that all elements of personal injury damages, including medical expenses, lost wages, disability compensation, pain and suffering, and loss of services, should be subject to subrogation.

We affirm the district court's determination that the award for medical expenses was subject to subrogation by the employer and reverse the district court's determination that the award for pain and suffering and the award for loss of services were not subject to subrogation by the employer.

BRAZIL, J., concurring and dissenting: The majority opinion is based on the premise that loss of services damages are an element of personal injury damages. I disagree.

K.S.A. 23-205 specifically grants "the right of action to recover damages" for loss of services to the spouse who is injured as a result of the wrongs of a third party. "The fundamental rule of statutory construction is that the intent of the legislature governs. [Citation omitted.] When construing a statute, a court should give words in common usage their natural and ordinary meaning." *Hill v. Hill,* 13 Kan. App. 2d 107, 108, 763 P.2d 640 (1988). The plain language of K.S.A. 23-205 makes it clear the legislature intended to create a cause of action, but it did not create a category of damages that could be collected by an injured person. The damages collected in this cause of action are not to compensate the injured worker but are to compensate the spouse of that person for loss of services normally provided by the injured worker. K.S.A. 23-205.

Thus, McGranhan did not attempt to specify a particular element of personal injury damages in his settlement agreement but attempted to identify a completely separate cause of action and protect it from subrogation. In this regard, McGranahan is not so different from the plaintiff in *Houston v. Kansas Highway Patrol,* who sought to protect his award for property damages. 238 Kan. at 195.

In *Houston,* the dissent noted: "The purpose of K.S.A. 44-504 is to insure that the injured worker does not receive a double recovery. The employer should be reimbursed only from that

portion of a settlement or judgment that would be compensable under the Act. That is the intent of the legislature." 238 Kan. at 200-01.

When a worker survives a work-related accident, the workers compensation act compensates the injured worker for the injuries. K.S.A. 1989 Supp. 44-510c, 44-510d, and 44-510e. When a worker dies as a result of work-related accident, the workers compensation act compensates the family for the loss. K.S.A. 1989 Supp. 44-501. A worker's spouse, however, is not compensated under the act for loss of services of the injured worker when the worker survives; therefore, when an injured worker brings an action for loss of services under K.S.A. 1989 Supp. 44-504 and K.S.A. 23-205, the worker is seeking damages not recovered under the act. Since the employer has paid nothing to an injured worker for that worker's spouse's loss of services, any recovery as a result of a loss of consortium action should not be subject to subrogation.

There is a flaw in the argument that, because damages recovered for loss of services in a wrongful death action are subject to subrogation, recovery for loss of services generally ought to be subject to subrogation. Loss of services is a separate cause of action, which is brought by the surviving injured worker although the action is designed to compensate another person, and is not covered by the Workers Compensation Act. K.S.A. 23-205; K.S.A. 1989 Supp. 44-501. Since the Act did not compensate McGranahan for loss of services, there is no double payment and subrogation by the employer is not appropriate. Wrongful death is a cause of action for a deceased worker's family and loss of services is one measure of damage for that action. K.S.A. 1989 Supp. 60-1904. Workers compensation is designed to reimburse a worker's family for loss of services when a worker dies. K.S.A. 1989 Supp. 44-510b. Thus, since workers compensation does compensate the family for loss of services when the worker dies and the family can recover damages for loss of services in wrongful death, there is a possibility of double payment, and subrogation is appropriate.

The dissenters in *Houston* used the practical example of a worker injured in his own car to illustrate the potential unfairness of ruling that an employer is entitled to recover all compensation

the employer had paid under the act "from a judgment or settlement its worker obtained from a third party, including that portion of the judgment or settlement not compensable under the Act." 238 Kan. at 200. Similar facts can be used to show the problem with ruling loss of services subject to subrogation generally. Quoting from *Houston:*

"What happens under the following circumstances?

"(1) While driving his own automobile on the job, an employee is involved in a two-car accident with a third party who is totally at fault.

"(2) Under the Act, the employer pays $10,000 compensation to its employee. The employer is reimbursable under K.S.A. 44-504(b)." 238 Kan. at 200.

Now modifying and adding to the facts: (3) the employee has an insurance policy which contains a $500 deductible provision. The insurance company pays $3,000 to repair the damages to the employee's car. (4) Since the worker's spouse is physically handicapped, the worker had been responsible for cooking all meals for the family and cleaning the house. As a result of the injuries, the worker was unable to perform those duties for six weeks, so the physically handicapped spouse hired domestic help at a cost of $2,000. These damages are recoverable under K.S.A. 23-205. (5) The worker sues for all damages he has suffered and for loss of services. (6) A jury awards a specific verdict awarding the following: (a) $5,000 for personal injuries and loss of wages; (b) $3,000 for damages to the car; and (c) $2,000 for loss of services.

Under the law in Kansas, it is unclear what would happen in this situation. Under the holding in *Houston,* the employer would probably be entitled to the entire $10,000 award. Under the majority opinion in this case, the result is unclear. Would the employer get $7,000, or would the employer only be entitled to $5,000?

To resolve this issue, we must again review the workers compensation act. "[W]hen a workers' compensation statute is subject to more than one interpretation, it must be construed in favor of the worker if such construction is compatible with legislative intent." 238 Kan. at 195. Since the legislature clearly meant to protect against the worker benefiting from a double recovery, I would hold that the employer is only entitled to $5,000 under the facts in the hypothetical situation above.

I concur with the majority in affirming the trial court's determination that the award for medical expenses was subject to subrogation and reversing the trial court's determination that the award for pain and suffering was not subject to subrogation. I would dissent from the majority and affirm the trial court's determination that the award for loss of services was not subject to subrogation.