No. 38,048

CHARLES L. DAVISON (J. O. WILSON, Guardian of the Estate of CHARLES L. DAVISON, an Incompetent Person), *Appellee*, v. THE MARTIN K. EBY CONSTRUCTION COMPANY, INC., A Corporation, *Appellant*.

(218 P. 2d 219)

Opinion filed May 6, 1950.

*J. Ashford Manka,* of Wichita, argued the cause, and *Mark H. Adams, Charles E. Jones, Wm. I. Robinson,* and *Addison I. West,* all of Wichita, were with him on the briefs for the appellant.

*Wayne Coulson,* of Wichita, argued the cause, and *Hal M. Black, Howard T. Fleeson, Homer V. Gooing, Paul R. Kitch, Dale M. Stucky,* and *Donald R. Newkirk,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action for damages for personal injuries alleged to have been caused by the negligence of defendant. The appeal is from an order overruling defendant's demurrer to plaintiff's petition as amended and supplemented and from orders sustaining plaintiff's motion to strike portions of the defendant's answer.

In his petition, filed March 4, 1949, plaintiff alleged the place of his residence; that defendant is a corporation organized under the laws of Kansas, with its principal place of business in Wichita; that on July 22, 1948, plaintiff was in the employ of Ebasco Services, Inc., a corporation, hereinafter called Ebasco, which was engaged in the construction of a compressor plant for the Kansas Gas and Electric Company at Ripley; that at the same time and place defendant, The Martin K. Eby Construction Company, Inc., a corporation, hereinafter called Eby, was engaged in doing certain work in connection with the construction of the building as a subcontractor of Ebasco; that about 10:30 a. m. of that day plaintiff was working in a ditch on the premises of the Kansas Gas and Electric Company, above mentioned, and defendant was engaged in masonry work on an overhead scaffold; that as plaintiff was so engaged in the course of his employment for Ebasco in digging the ditch the defendant, by and through its authorized agents, servants and employees, whose names are unknown to plaintiff but well known to defendant, negligently and carelessly dropped from the scaffold, which was located approximately forty feet above the ground, two bricks, one of which struck the plaintiff on the head, rendering him unconscious and throwing him forward in the ditch which he was engaged in digging; that plaintiff was removed to the hospital, but did not regain consciousness until the next day, and that he was confined in the hospital from July 22 to August 2, 1948. In paragraph 6 of the petition plaintiff's injuries were described and his weekly wages and doctor and hospital bills were stated. In the next paragraph plaintiff alleged that his injuries were the direct and proximate result of defendant's negligence in certain particulars, which were stated. In the prayer of the petition plaintiff asked judgment for $20,227.50. Defendant attacked the petition by motions and other pleadings, but the rulings of the court thereon are not presented here for review.

On October 3, 1949, before defendant had filed an answer, plaintiff filed an amendment and supplement to his petition in which the allegations originally made in paragraph 6 respecting plaintiff's injuries were extended to show injuries greater than those stated in the original petition, and the sum prayed for was increased in the prayer to $30,227.50.

This petition as amended and supplemented was attacked by motions and other pleadings, but the rulings of the court thereon are

not presented for review here, and defendant filed an answer and plaintiff filed a reply, but these instruments are not before us for review.

On December 17, 1949, at a pretrial conference, authorized by chapter 318, Laws of 1949, plaintiff was given leave to file an additional amendment and supplement to paragraph 6 of the petition, which alleged further injuries to plaintiff than had been alleged in the original petition or in the first amendment and supplement thereto, and the amount prayed for was increased to $52,267.50. On the same date defendant was given ten days to plead to the petition as amended and supplemented, and twenty days to answer.

On December 30, 1949, defendant filed two motions. The first was a motion to strike the amendment and supplement to the petition upon the ground that it was filed more than a year after plaintiff's injuries and was barred under G. S. 1947 Supp. 44-504. The other was an alternative motion to make as parties defendant Ebasco and the Travelers Insurance Company, its insurance carrier, upon the ground that under the petition as amended the sole and proximate cause of plaintiff's injuries were the acts, omissions, commissions and negligence on the part of plaintiff's employer, Ebasco, and in support of this motion and the reasons therefor defendant alleged that the plaintiff is not the sole real party in interest entitled to prosecute the action, as required by G. S. 1935, 60-401; that the Ebasco is a foreign corporation doing business in Kansas, as is also the Travelers Insurance Company; that each of them has or claims to have an interest in the subject of the action and in obtaining the relief demanded, which claim of interest is adverse to plaintiff, and that they are indispensable parties under G. S. 1935, 60-410 and 60-411; that Ebasco and this defendant were each engaged in construction work, operating subject to our workmen's compensation law; that plaintiff made a claim against Ebasco under the workmen's compensation law, and received an award. Attached to this motion was an exhibit containing all of the proceedings before the workmen's compensation commissioner in that proceeding and a letter from Ebasco's insurer to Eby, advising Eby the amount of the insurance paid as the award and expense and a claim of subrogation in the event of Eby's liability.

Defendant's motion to strike the amendment and supplement to plaintiff's petition, and also its alternative motion to make additional parties plaintiff or defendant, were considered by the court

and denied. Defendant then filed an answer which contained a general denial, except as to matters specifically admitted, then admitted the allegations of the first three paragraphs of the petition relative to the parties and their employment, pleaded that any damages sought to be recovered under a pleading filed subsequent to July 22, 1949, were barred by the provisions of G. S. 1947 Supp. 44-504, and in the third paragraph alleged that if plaintiff suffered any injuries, as alleged in his petition, the same occurred at a time and place where plaintiff and defendant were each engaged in the course of employment as employees and subcontractors of Ebasco, which was operating under the workmen's compensation act, which act afforded plaintiff an exclusive remedy, and that the district court had no jurisdiction; in the fourth paragraph alleged that plaintiff and defendant were engaged as co-workers or fellow servants for Ebasco at the time of plaintiff's alleged injury, and that any right of action plaintiff had is limited by the workmen's compensation law, and that the district court was without jurisdiction. The fifth paragraph contained allegations to the effect that Ebasco and its insurer were necessary parties to the action. The sixth paragraph alleged that on July 22, 1948, the plaintiff was engaged in common employment with defendant in the construction of the building, described the nature of the work, and alleged negligence on the part of Ebasco and the plaintiff which barred plaintiff's recovery, and the seventh paragraph alleged the assumption of risk. The prayer of the answer was that plaintiff be denied any recovery under the allegations contained in the amendment and supplemental petition filed subsequent to July 22, 1949, for the reason that any action thereunder is barred by the statute of limitations; that the action be dismissed for the reason that the court is without jurisdiction, or in the alternative that Ebasco and Travelers Insurance Company be made parties; that plaintiff have and recover nought from defendant by reason of his alleged cause of action; that defendant recover its costs, and that defendant recover such other and further relief to which it may be entitled.

Plaintiff moved to strike the third, fourth, fifth, sixth and seventh paragraphs of defendant's answer, and this motion was in substance sustained by the court. Defendant then demurred to plaintiff's petition on practically all of the statutory grounds. The demurrer was considered by the court and overruled.

On February 20, 1950, J. O. Wilson filed a motion in which

he advised the court that plaintiff was on that date adjudged incompetent by the probate court of Sedgwick county and that he had been appointed guardian of the estate of the plaintiff, and asked that he be substituted as party-plaintiff for Charles L. Davison, an incompetent person, and be permitted to file an amendment to the petition showing that appointment. The amendment to the petition was duly made. No complaint is made of this. Defendant timely appealed and specified the following errors:

"FIRST: The Trial Court erred in overruling appellant's motion to strike Amendment and Supplement To Petition filed December 20, 1949, by appellee, which was in effect a demurrer to said amendment and supplement to petition.

"SECOND: The Trial Court erred in overruling appellant's Alternative Motion to Make Additional Parties Plaintiff or Defendant to said action as amended by Amendment and Supplement to Petition filed December 20, 1949, by appellee.

"THIRD: The Trial Court erred in overruling appellant's demurrer upon the statutory grounds therein stated, to the appellee's petition, as amended.

"FOURTH: The Trial Court erred in sustaining appellee's motion to strike paragraphs Third, Fourth and Fifth from appellant's Amended Answer to Plaintiff's Answer as Amended and Supplemented, which was in effect a demurrer to said paragraphs of appellant's answer and defenses to said cause of action as amended."

Under the first error assigned counsel for appellant argue that the second amended petition, which included allegations of additional injuries from those previously stated and asked for an increased sum in damages, stated a new cause of action which was barred by our statute of limitations (G. S. 1935, 60-306, *third*). The point is not well taken. The general rule applicable is well stated in 54 C. J. S. 340, as follows:

"An amendment enlarging the prayer or the relief sought, as by seeking increased damages, does not introduce a new cause of action subject to the plea of limitations."

See, also, *Contracting Co. v. Railway Co.*, 102 Kan. 799, 172 Pac. 527. Our statute (G. S. 1935, 60-759) authorizes the court to permit an amendment to the pleadings by inserting other allegations material to the case which do not change substantially the claim or defense. The court did not err in permitting the second amended petition to be filed.

The second and fourth errors assigned may be treated together since they pertain to the same matter, raising, first by motion and later by answer, the question whether Ebasco and its insurer should be made parties defendant and the proceedings in the claim of plain-

tiff against Ebasco for compensation should be set out as a defense. The pertinent portion of the applicable statute (G. S. 1947 Supp. 44-504) reads:

"When the injury . . . for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman . . . shall have the right to take compensation under the act and pursue his . . . remedy by proper action in a court of competent jurisdiction against such other person. In the event of recovery from such other person by the injured workman, . . . by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by him, to date of such recovery and shall have a lien therefor against such recovery, and the employer may intervene in any action to protect and enforce such lien. Such action against the other party, if prosecuted by the workman, must be instituted within one year from the date of the injury, . . . Failure on the part of the injured workman, . . . to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman . . . may have against any other party for such injury . . . and such employer may enforce same in his own name or in the name of the workman, dependents or personal representative for their benefit as their interest may appear by proper action in any court of competent jurisdiction."

Under this statute Davison had a right to claim compensation from Ebasco and its insurer and to maintain his action against Eby for damages. The action against Eby was brought within a year, hence there could be no assignment of Davison's claim in tort against Eby. Since Davison recovered on his claim against Ebasco and its insurer for compensation, Ebasco was entitled to subrogation for the amount his insurer paid for him, and that claim of subrogation was made in a notice given by the insurer to Eby.

Since Davison had authority under the statute above mentioned to receive compensation from Ebasco, and at the same time maintain an action in tort against one not his employer, the fact that he did claim and receive compensation under the compensation act from Ebasco is of no concern to Eby in this action. The trial court correctly ruled in striking his alternative motion and also in striking the portions of the answer which pertained to plaintiff's recovery of compensation from Ebasco. This view is sustained by a long line of our decisions:

*Moeser v. Shunk,* 116 Kan. 247, 226 Pac. 784; *Riddle v. Higley Motor Co.,* 122 Kan. 458, 252 Pac. 231; *Jolley v. United Power & Light Corp.,* 131 Kan. 102, 105, 289 Pac. 962; *Early v. Burt,* 134 Kan. 445, Syl. 6, pp. 453, 455, 7 P. 2d 95; *Acock v. Kansas City*

*Power & Light Co.,* 135 Kan. 389, 394, 10 P. 2d 877; *Cooke v. Bunten,* 135 Kan. 558, 561, 11 P. 2d 1016; *Bittle v. Shell Petroleum Corp.,* 147 Kan. 227, 231, 75 P. 2d 829; *Long v. American Employers Ins. Co.,* 148 Kan. 520, 525, 83 P. 2d 674; *Pattrick v. Riggs,* 148 Kan. 741, 84 P. 2d 840; *Krol v. Coryell,* 162 Kan. 198, 203, 175 P. 2d 423; *Clifford v. Eacrett,* 163 Kan. 471, 476, 477, 183 P. 2d 861; *Elam v. Bruenger,* 165 Kan. 31, 193 P. 2d 225.

The section of our workmen's compensation act (44-504) was amended more than once since originally written, and some of the cases cited deal with the specific amendments. The last amendment in 1947 leaves the statute substantially the same as it was when *Moeser v. Shunk,* supra, and *Riddle v. Higley Motor Co.,* supra, were written.

Under the third error assigned counsel for appellant argue two propositions. The first is whether under the allegations of the petition was the "injury" for which plaintiff seeks to recover "caused under circumstances creating a legal liability against some person other than the employer to pay damages," as those terms are used in G. S. 1947 Supp. 44-504. Counsel propose a "new" issue under the workmen's compensation act which, they say, under the facts of this case has never received conclusive consideration by this court. The crux of the proposition, briefly stated, is: A building was being constructed; part of the work was being done by Ebasco and part of it was being done by Eby; each of them had employees working on the job; all such employees were co-workers and fellow-servants constructing the building, and, under the spirit and intent of the workmen's compensation act, none of such employees should recover either from Ebasco or from Eby, except under the provisions of the workmen's compensation act. The argument of counsel on this point is lengthy and involved. They cite and rely somewhat upon the following of our cases, none of which is directly in point:

In *Bell v. Hall Lithographing Co.,* 154 Kan. 660, 121 P. 2d 281, plaintiff was a special employee of defendant, which was operating under the workmen's compensation act. Here Davison was not any kind of an employee of Eby. In *Bailey v. Mosby Hotel Co.,* 160 Kan. 258, 160 P. 2d 701, defendant, operating under the workmen's compensation act, was the principal contractor. Bailey was an employee of a subcontractor. That is not the situation here. In *Hoffman v. Cudahy Packing Co.,* 161 Kan. 345, 167 P. 2d 613, defendant was operating under the workmen's compensation act and

contracted with the telephone company to do certain electrical work in its plant, which was a part of its trade or business. Defendant was treated as the principal contractor and the telephone company as a subcontractor to whom defendant was liable only under the workmen's compensation law. In *Duncan v. Perry Packing Co.*, 162 Kan. 79, 174 P. 2d 78, defendant was operating under the workmen's compensation act. Plaintiff's wife met her death by accident while working for defendant. His children recovered compensation under the act. Thereafter plaintiff brought a common law action against his wife's employer. That is not the situation here. In *Winkleman v. Boeing Airplane Co.*, 166 Kan. 503, 203 P. 2d 171, defendant was operating under the workmen's compensation act. The sole question in the case was whether plaintiff's injury was the result of an accident for which defendant would be liable under the act.

Although there appears to be no case in this state in which an employee of the principal contractor sued the subcontractor for injuries caused by his negligence, such cases have arisen in other states having statutes similar to our own, in which the plaintiff was permitted to recover. We list a few of them: *Dillman v. John Diebold & Sons Stone Co.*, 241 Ky. 631, 44 S. W. 2d 581; *Sloan v. Harrington*, 117 Neb. 809, 223 N. W. 663; *Parkhill Truck Co. v. Wilson*, 190 Okla. 473, 125 P. 2d 203; *Robinson v. Atlantic Elev. Co., Aplnt.*, 298 Pa. 549, 148 A. 847; *Standard Acc. Ins. Co. v. Pennsylvania Car Co.*, 49 F. 2d 73 (construing a Texas statute); *Bagnel v. Springfield Sand & Tile Co.*, 144 F. 2d 65 (construing a New York statute).

Indeed, there are a number of cases in which plaintiff has maintained a common-law action for damages against his fellow-employee or his foreman, but we shall not take time to go into those.

We think the question presented is governed by the plain language of our statute, which need not be again quoted. If the injury for which damages are sought is caused by someone other than the employer of the workman, the common law action may be maintained.

The second contention made by counsel for appellant under the third error assigned is that the petition on its face shows plaintiff to be guilty of contributory negligence. The argument on that point is that plaintiff knew Eby's men were working above him, laying brick, and that he should have kept watch to see that they

did not negligently permit bricks to fall, or that he should in some way have erected something over him to keep any bricks which might fall from striking him. We think this argument lacks merit. Plaintiff could not keep digging in the ditch where his employer had placed him to work and keep a constant lookout above him for falling bricks; neither was he required to anticipate the negligence of defendant in permitting bricks to fall.

We find no error in the record. The judgment of the trial court is affirmed.