Charles PYLE, Plaintiff,

v.

**KANSAS GAS AND ELECTRIC COM-PANY, a corporation, Defendant.**

No. KC–1132.

United States District Court
D. Kansas.

Feb. 5, 1959.

Joseph P. Jenkins, Kansas City, Kan., and Jacob F. May, Jr. (of Cohen, Schnider, Shamberg & Jenkins), Kansas City, Kan., for plaintiff.

Stanley Garrity, Wichita, Kan., for defendant.

STANLEY, Jr., District Judge.

The plaintiff brings this action against the defendant by his complaint filed August 21, 1958, to recover damages for injuries sustained. The plaintiff alleges that on April 17, 1958, while engaged in climbing an iron ladder on the outside of a building owned and occupied by the Aaron Poultry House located in Fort Scott, Kansas, he reached out to take hold of what appeared to him to be a "guy-wire" in an effort to steady himself. He alleges that what he thought was a "guy-wire" was in actuality a power or feed line belonging to the defendant and was being maintained in an uninsulated condition, so that when the plaintiff touched the wire large amounts of electrical current passed through his body, causing him to fall to the ground and suffer injuries.

The defendant filed a motion to have the Michigan Mutual Liability Company, hereinafter called insurer, made a party to the action. Defendant alleges that the insurer was the workmen's compensation insurance carrier for the employer of the plaintiff and that this insurer has been and is paying workmen's compensation to the plaintiff. It is the claim of the defendant that the insurer will have a claim against the defendant under the laws of the State of Kansas based upon the same facts, circumstances and occurrences for which liability is being asserted against the defendant in this action. Therefore, the defendant contends that the insurer is a necessary party to this action.

█ Whether the insurer has the right to recover from the defendant the amount of compensation and medical aid furnished to the plaintiff is substantive and therefore is controlled by the law of Kansas. Montgomery Ward & Co. v. Callahan, 10 Cir., 1942, 127 F.2d 32.

The rights of the insurer to proceed against the wrongdoing party are created by statute and did not exist at common law. Terrell v. Ready Mixed Concrete Co., 1953, 174 Kan. 633, 258 P.2d 275. At common law the employer of an injured employee was not liable to his employee for injuries inflicted by an independent third party. Thus, if the employer were to have paid compensation to the employee for such an injury, the employer would not have become subrogated to the cause of action which the employee would still have against the wrong-doer. In such case there would have been no liability owing by the employer when he paid the "debt" owed to the employee by the wrong-doer, and the employer would not have stepped into the shoes of his employee. 50 Am.Jur., Subrogation § 3. The employer, or insurer, in the absence of statutes requiring such payment, would be a mere volunteer. The insurer or employer would have no interest at common law in any suit brought by the employee against the wrong-doer, and such rights exist solely because of the statutes which impose the duty on the employer to pay compensation to the employee.

The statute which is involved in this action, Kan.G.S.1957 Supp., 44-504, as far as pertinent, reads:

"When the injury or death for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman, his dependents or personal representatives shall have the right to take compensation under the act and pursue his or their remedy by proper action in a court of competent jurisdiction against such other person. In the event of recovery from such other person by the injured workman, or the dependents or personal representatives of a deceased employee by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by him to date of such recovery and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien. * * * Such action against the other party, if prosecuted by the workman, must be instituted within one (1) year from the date of the injury, and if prosecuted by the dependents or personal representatives of a deceased workman, must be instituted within eighteen (18) months from the date of such injury. Failure on the part of the injured workman, or the dependents or personal representatives of a deceased workman to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman or the dependents or personal representatives of a deceased workman may have against any other party for such injury or death, and such employer may enforce same in his own name or in the name of the workman, dependents or personal representatives for their benefit as their interest may appear by proper action in any court of competent jurisdiction. * * * "

And by Kan.G.S.1949, 44-532, the insurer is subrogated to the rights and duties of the employer under the act. Wise v. Morgan-Mack Motor Co., 1952, 173 Kan. 372, 246 P.2d 308.

By the terms of the statutes mentioned, the injured employee is given the sole right to prosecute suit against the wrong-doer for a period of one year. If he fails to bring the suit in that period of time, the employer or insurer is then permitted to sue. Wise v. Morgan-Mack Motor Co., supra. The employer or insurer has no right to bring an action until after the expiration of the period in which the injured employee could sue the wrong-doer. This was clearly set forth in Sundgren v. Topeka Transportation Co., 1955, 178 Kan. 83, 283 P.2d 444, where the Supreme Court of Kansas stated at page 87 of 178 Kan., at page 447 of 283 P.2d:

" * * * this was a common law action to recover damages from a third party. It could be instituted within two years from the date the cause of action accrued. G.S.1949, 60-306. *It is clear from the statute that unless the workman avails himself of his common law remedy against a negligent third party by filing suit within a year following the date of the injury, his right to bring the action ceases, and his employer thereupon acquires a right* for the remaining year of the two-year limitation period *by virtue of the statutory assignment provided.* The employer's action may be brought either in his own name or in the name of the workman, any recovery obtained being for their mutual benefit as their interest may appear. In case neither the workman nor the employer institutes the action, the employer's workmen's compensation insurer may do so within

the specified time. Under the statute there is a community of interest as between employee and employer, in actions against a negligent third person. *There is but one cause of action and it belongs either to the employee or the employer or his insurance carrier.*" (Emphasis supplied).

By the words of the statute itself the insurer or employer has no interest in the proceeds until such time as there is recovery: "In the event of recovery * * * the employer shall be subrogated * * * and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien." Clearly, there must be a recovery before the employer or insurer acquires any interest under the doctrine of subrogation or by assignment.

The Sundgren case is not authority for the proposition that the insurer can be joined in the action brought by the employee. That case involved an action filed in the name of the employee and the petition was not filed until some twenty-two months after the cause of action had arisen. The court determined merely that the petition was not subject to a demurrer when it did not state that the action was brought by the employer in the name of the employee to recover as their interests might appear. The case did contain the statement in the portion quoted above that there is a community of interest between the employee and the employer. It did not hold, however, that the employee had to be joined with the employer who was bringing the suit, nor did it indicate by means of dictum that joinder of the employer and employee would be required if suit had been brought by the employee. In the Wise case, supra, the court said at page 378, of 173 Kan., at page 313 of 246 P.2d:

> "We think defendants are entirely right in their contention that there is no time under the compensation act at which a workman and employer may simultaneously maintain such an action, Elam v. Bruenger, supra [165 Kan. 31], at page 36 [193 P.2d 225], and the same is true of a workman and insurer. It follows we must disapprove the attempt made here to join the workman with the insurer as a party plaintiff. The law does not contemplate such a procedure."

And in Davison v. Martin K. Eby Construction Co., 1950, 169 Kan. 256, 218 P.2d 219, the wrong-doer asserted by motion and in his answer that the employer and its insurer should be made parties. The court determined, but without discussion, that joinder was not required and that the employee could prosecute the action in his own name.

[redacted] Up to this point we have discussed the right of an insurer to maintain an action against a third party who injures the employee of another * * * a substantive matter. We turn now to consideration of the question presented by the motion filed by the defendant, that is, whether the insurer is a necessary party to an action such as this. This is a procedural matter. Montgomery Ward & Co. v. Callahan, supra; Gas Service Co. v. Hunt, 10 Cir., 1950, 183 F.2d 417.

Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that the "trustee of an express trust * * * or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought." The Kansas statute creates a party fitting either category. The employee is authorized by statute to bring the suit; in fact it is he who has the sole right to bring suit for a period of one year. And under the terms of the Kansas statute, any recovery by the employee accrues to the benefit of the employer or insurer, the employee becoming a trustee of an express trust created by the statute. By undertaking the suit against the wrong-doer, the employee constructively assents to

hold any recovery for the benefit of the employer or insurer.

In King v. Cairo Elks Home Association, D.C.E.D.Ill.1956, 145 F.Supp. 681 at page 686, the court said:

"If the defendants are liable to the plaintiff for negligence as alleged in the Complaint, what difference does it make to the defendants whether or not the subrogee insurance carrier is a party to the suit? Only one judgment and only one satisfaction thereof could be had, and there would be no advantage to the defendants if the insurance carrier would be brought into the suit as a party plaintiff except that such action might have an emotional effect upon the jury in arriving at a verdict. The liability of the defendants is not changed nor would they, with the safeguards provided for by the statute, be required to pay more than one judgment because of the injury sustained by the plaintiff if the plaintiff, in his suit against the defendants, proved the defendants negligent as alleged in the Complaint."

Although the Kansas statute, 44-504, does not provide the same "safeguards" as those found in the Illinois statute, S.H.A. ch. 48, § 138.5, there are nevertheless certain protections granted to the wrong-doer. By the statute the employer or insurer can maintain suit against the wrong-doer *only* if there is a failure on the part of the employee to bring suit. Thus, any second action against the wrong-doer would be subject to this defense. And the statute also provides a lien in favor of the employer or insurer if there is a recovery by the employee.

It is held that neither the insurer nor the employer is a real party in interest under the Kansas statute and that the insurer is not a necessary party plaintiff. The determination that the insurer has no present interest in the action and will have none until there is an assignment by operation of law, or until there is a recovery, precludes a finding that it should be or could be joined under Rules 19 or 20 of the Federal Rules of Civil Procedure.

The motion of the defendant to join the insurer is denied.

Counsel will submit an appropriate order.