**Brian G. DOYLE, Plaintiff,**

v.

**COLBORNE MANUFACTURING COMPANY, an Illinois corporation, Defendant,**

**Golden Boy Pies, Inc., Intervenor.**

**Civ. A. No. 80–2361.**

United States District Court, D. Kansas.

Feb. 16, 1982.

Lloyd Burke Bronston, Dan L. Smith, of Bronston & Smith, Overland Park, Kan., for plaintiff.

John J. Jurcyk, Jr. of McAnany, Van Cleave & Phillips, Kansas City, Kan., for defendant Colborne Mfg.

Edmund S. Gross, of Weeks, Thomas & Lysaught, Kansas City, Kan., for intervenor Golden Boy Pies.

### MEMORANDUM AND ORDER

O'CONNOR, Chief Judge.

This matter is before the court on defendant's motion to join an additional party

---

plaintiff. This is a product liability action filed by the plaintiff against Colborne Manufacturing Company (hereafter CMC), the manufacturer of a dough cutting machine. Plaintiff alleges this particular machine caused injury to him on October 2, 1978, while he was performing maintenance on it during his employment with the Golden Boy Pie Company. The action was filed on October 2, 1980. CMC contends that the workmen's compensation carrier, Aetna Casualty and Surety Company (hereafter Aetna), having paid compensation benefits to Doyle, is a real party in interest requiring the joinder of Aetna as a party plaintiff.

Defendant seeks to add Aetna as a named party plaintiff, relying primarily upon *Gas Service Company v. Hunt*, 183 F.2d 417 (10th Cir. 1950). This court concludes that this motion is controlled by cases arising in this district that have distinguished *Gas Service Company v. Hunt*, holding it inapplicable in this situation. Defendant's motion will therefore be overruled.

A real party in interest is one who owns the substantive right to be enforced. *United States v. Aetna Casualty Company*, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949). While the determination of the ownership of the cause of action is a matter of state substantive law in diversity cases, the question of joinder after that determination has been made is a matter of federal procedure. *Gas Service Company v. Hunt, supra*; Moore's Federal Practice ¶ 17.09 [2.–4]. The threshold issue, therefore, in the instant case is who owns the cause of action under the appropriate state substantive law.

In *Pyle v. Kansas Gas and Electric Company*, 23 F.R.D. 148 (D.Kan.1959), plaintiff touched defendant's uninsulated power lines and thereby received certain serious injuries. Plaintiff in *Pyle* was partially compensated by his employer's workmen's compensation insurer and then brought suit against an independent third party within one year from the date of his injury. Defendant made a motion to add the insurer as a party plaintiff, arguing that the insur-

er had the right of subrogation and was therefore a real party in interest. However, the court in *Pyle* held that the workmen's compensation insurer is not a real party in interest under Kansas substantive law since he has no rights until there is an assignment by operation of law, or a settlement or recovery. The court stated:

> The rights of the insurer to proceed against the wrongdoing party are created by statute and did not exist at common law. *Terrell v. Ready Mixed Concrete Co.*, 174 Kan. 633, 258 P.2d 275 (1953). At common law the employer of an injured employee was not liable to his employee for injuries inflicted by an independent third party. Thus, if the employer were to have paid compensation to the employee for such an injury, the employer would not have become subrogated to the cause of action, which the employee would still have against the wrongdoer. In such cases there would have been no liability owing by the employer when he paid the "debt" owed the employee by the wrongdoer, and the employer would not have stepped into the shoes of his employee. 50 Am.Jur., *Subrogation* § 3. The employer, or insurer, in the absence of statutes requiring such payment, would be a mere volunteer. The insurer or employer would have no interest at common law in any suit brought by the employee against the wrongdoer, and such rights exist solely because of the statutes which impose the duty on the employer to pay compensation to the employee.

The court considered the statutory scheme of workmen's compensation in Kansas, specifically, K.S.A. 44–504, and held that since plaintiff had brought the action within one year of his injury there was no statutory assignment. Furthermore, there had been no recovery. Therefore, the court held "that neither the insurer nor the employer is a real party in interest under the Kansas statute and that the insurer is not a necessary party plaintiff." 23 F.R.D. at 152. Defendant CMC argues that in the instant case there has been an assignment

by operation of law because more than one year has passed since the date of the accident and therefore the workmen's compensation carrier is a real party in interest.

Defendant CMC's contention that Aetna is a real party in interest since Doyle did not bring the action within one year, is not well taken. K.S.A. 44–504 would seem to assign the employee's cause of action against a third party wrongdoer to the employer unless the employee brought suit within twelve months after the accident. However, the Kansas Supreme Court has not interpreted the statute in such manner. "[D]espite the express language of assignment in § 44–504(c), the construction it has received in the Kansas courts has virtually eliminated any notion of true assignment, except perhaps when the employee shows no inclination to press his cause of action himself, and the employer decides to do so in the employer's own name beyond the applicable time limitations of § 44–504(b)." *Miller v. Leavenworth-Jefferson Electric Cooperative, Inc.*, 653 F.2d 1378 (10th Cir. 1981). See *Lady v. Ketchum*, 186 Kan. 614, 352 P.2d 21 (1960), and *Klein v. Wells*, 194 Kan. 528, 400 P.2d 1002 (1965). Plaintiff can avoid the one-year limitation in K.S.A. 44–504 by simply pleading his action as one for himself, his employer and the workmen's compensation insurer as their interests may appear. *Houk v. Arrow Drilling Company*, 201 Kan. 81, 439 P.2d 146 (1968).

Cases arising in this district have specifically dealt with motions to add the workmen's compensation insurer as an additional party plaintiff when the plaintiff-employee has brought an action after the one-year limitation provided in K.S.A. 44–504. *Robinson v. Hare*, No. T–3981 (D.Kan., *unpublished*, 6/29/66); *Hedges v. Fischbach and Moore, Inc., et al.*, No. KC–2507 (D.Kan., *unpublished*, 3/10/67); *Bailey v. Petesch*, No. 74–90–C5 (D.Kan., *unpublished*, 7/17/74); and *Hauptman v. Lawson*, No. 75–230–C5 (D.Kan., *unpublished*, 4/2/76). These cases have consistently held that where the injured employee brings an action and alleges in the pleadings that it is brought for his benefit and on behalf of his employer and compensation carrier, the workmen's compensation insurer is not a real party in interest and should not be added as a party plaintiff. In considering the cases interpreting this Kansas statute and its application to the real party in interest, Judge Rogers stated in *Hauptman v. Lawson, supra* :

The primary rationale for allowing a defendant to have all real parties in interest joined as plaintiffs is to avoid a multiplicity of actions arising out of a single transaction and to avoid assessment of multiple damages. See Wright & Miller, *Federal Practice and Procedure: Civil* § 1546, pp. 659–60, cited by the Tenth Circuit in *Public Service Company of Oklahoma v. Black & Veatch*, 467 F.2d 1143, 1145 (10th Cir. 1972). However, under Kansas substantive law, such multiple liability is not a realistic risk. This court in *Robinson* noted:

No such risk is involved here since under Kansas law only one cause of action exists and it remains in the injured party. As was stated in *United States v. Tyler*, 220 F.Supp. 386, "if the judgment, if any, by the plaintiff will protect the defendant from future annoyance or loss, and where, as against the party suing, the defendant can urge any defenses he could make against the real owner of the claim, then there is an end of the defendant's concern as to the protection he is afforded by having the claim prosecuted by the real party in interest." The statement found in the case of *Braniff Airways v. Falkingham*, 20 F.R.D. 141, 144 is apt; "the instant case as presently aligned cannot possibly embarrass the movant financially. A judgment in favor of plaintiff, who is the real party in legal interest, would insulate movant against another suit by plaintiff's insurer. In any event the recovery must be impressed with the trust in favor of the party claiming the right of subrogation."

We note that the pleadings in the present action do not allege it is brought for the benefit of the employer or his workmen's

compensation insurer. Older Kansas cases suggest that an action brought by the plaintiff-employee in his name only after the one-year period in K.S.A. 44–504, would be subject to dismissal. See, *e.g., Turner v. Benton*, 183 Kan. 97, 325 P.2d 349, 353 (1958); *Erb v. Atchison, Topeka and Santa Fe Railroad*, 180 Kan. 60, 299 P.2d 35, 36–37 (1956); *Whitaker v. Douglas*, 179 Kan. 64, 292 P.2d 688, 693–94 (1956). The harshness of this rule was substantially lessened in *Lady v. Ketchum*, 186 Kan. 614, 352 P.2d 21 (1960). In that case the deceased met his death on February 1, 1957. The petition was filed by the widow as sole plaintiff for the benefit of herself and minor children on January 27, 1959, just four days less than two years from the date of death. The petition contained no mention of the deceased's employer or workmen's compensation insurer. The first amended petition was filed on June 12, 1959, long after the two-year period had expired with no reference to the deceased's employer or to workmen's compensation. The second amended petition was filed on September 15, 1959, some six weeks after defendants filed their answer, alleging the action was brought by plaintiff on behalf of herself, her minor children, the deceased's employer and its insurance carrier as their interests may appear under the statutory assignment provided by K.S.A. 44–504. Defendant in that case argued dismissal was proper since the employee had not brought the action within one year, as K.S.A. 44–504 seemed to require, and the petition, which was filed before the end of the two-year statute of limitations, did not allege that it was brought for the benefit of the employer and the insurance carrier. The Kansas Supreme Court rejected defendant's construction of the statute and held that where an action was otherwise properly filed within the statute of limitations for the underlying tort, a subsequent amendment alleging the action was brought for the benefit of the employee, the employer and compensation insurer after the statute of limitations had run, was proper and an employee's action would not be barred by the workmen's compensation statutes. The Kansas Supreme

Court found the amendment permissible in light of K.S.A. 44–504 since the liability of the tortfeasor remains the same for two years after the injury no matter who brings the action, the employee or the employer. The liberal construction of the statute arises because the Workmen's Compensation Act was meant to define the rights between employer and employee, not between the employee and third-party tortfeasors. In *Sundgren v. Topeka Transportation Company*, 178 Kan. 83, 283 P.2d 444 (1955), the Kansas Supreme Court stated: "The statute was not intended to relieve, alter or vary in any way the liability of the tort of the third-party wrongdoer. *Moeser v. Shunk*, 116 Kan. 247, 226 P. 784."

▪ It would seem then that permitting plaintiff to amend the original petition to allege it was brought for the benefit of plaintiff, his employer and workmen's compensation insurer as their interests appear, would satisfy Kansas substantive law concerning the statute of limitations and K.S.A. 44–504. Since plaintiff-employee has shown an inclination to press his cause of action himself, there has not been a true assignment to the employer or insurer. *Miller v. Leavenworth-Jefferson Electric Cooperative, Inc., supra.* As there has been no assignment or recovery, the insurer is not a real party in interest. *Pyle v. Kansas Gas and Electric Company, supra.*

In *Bailey v. Petesch*, No. 74–90–C5 (D.Kan., *unpublished*, 7/17/74), the court in overruling defendant's motion to add the insurer as a party plaintiff cited *Pyle*, *Hedges* and *Robinson* and concluded:

As was pointed out in *Robinson v. Hare*, *supra*, *Gas Service Co. v. Hunt*, 183 F.2d 417 (10th Cir. 1950), is not controlling here since that case did not deal with statutory rights or statutory authority to maintain an action. Further, since *Gas Service Company*, Rule 19 has been amended. The discretion of the court with respect to the joinder of parties has been broadened and is now "a matter resting more upon equitable considerations than strict rule of statute." *Hedges v. Fischbach and Moore, Inc., supra.* The

court can see no valid reason why the insurer should be made a party herein and notes that such joinder would only serve to unduly prejudice the plaintiff. The court feels, as did the Kansas Supreme Court in *Davidson [Davison] v. Martin K. Eby Construction Co.*, 169 Kan. 256, 218 P.2d 219, that:

> In such an action the employer or his insurance company is not a proper party, and the compensation proceeding has no place in the pleadings or evidence in a common law action. (Syl. 2.)

Having considered this matter, at some length, the court can find no legal or practical reason to add Aetna as a named party plaintiff. In light of the significant prejudice that such an order would cause plaintiff, the defendant's motion should be denied.

IT IS THEREFORE ORDERED that defendant's motion be and hereby is denied.