FAULKNER, Justice.
This case involves the application of ARCP 17(a) to a subrogation case. Roberts sued Hughes and Super Valu Stores for injuries he received in a traffic collision. Excalibur Insurance Company filed a motion to intervene and a complaint to assert its subrogation rights arising out of its payments of collision and workmen’s compensation benefits to Roberts. The motion was granted and Excalibur was added as a party plaintiff. Prior to the trial, Excalibur and Roberts entered into an agreement whereby Roberts agreed to pay Excalibur $23,888.87 out of, and only out of, any recovery by Roberts from the defendants. In exchange for Roberts’s promise to pay, Excalibur agreed to dismiss its complaint in intervention. Excalibur made a motion to dismiss its complaint and Roberts made a motion in limine to exclude any reference to Excalibur during the trial. Both motions were denied.
At the conclusion of the trial on the merits the jury found in favor of the defendants on the claims of Roberts and Excalibur and in favor of the plaintiffs on a counterclaim filed by Hughes and Super Valu Stores. Roberts appealed, based on the trial court’s refusal to grant the motion to dismiss and the motion in limine.
Under federal rule 17(a), when an insurer has paid part of a loss for which a third-party is liable either the insurer or the insured may maintain the action for damages for which the insurer has made payment. The defendant, however, can compel joinder of the omitted party. United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 381, 70 S.Ct. 207, 215, 94 L.Ed. 171 (1948).
Attempts to prevent the involuntary join-der of the insurance company have often been made by way of a “loan receipt.” Under the terms of the “loan” the insurer and insured enter into an agreement whereby the insured agrees to repay the money received from the insurer in the event of a recovery against a third-party. Some courts have treated the loan receipt as a sham. McNeil Construction Co. v. Livingston State Bank, 300 F.2d 88 (9th Cir.1962). Other courts have' refused to pierce the loan receipt and have ruled that the insured was the real party in interest. Watsontown Brick Co. v. Hercules Powder Co., 201 F.Supp. 343 (M.D.Pa.1962). See 1 Lyons, Alabama Practice §§ 17.3 and 19.3 (1973).
Under ARCP 17(a), the subrogee, as real party in interest, is the proper plaintiff regardless of the form of the transaction between the insurer and the insured:
“In subrogation cases, regardless of whether subrogation has occurred by operation of law, assignment, loan receipt, or otherwise, if the subrogor no longer has a pecuniary interest in the claim, the action shall be brought in the name of the subrogee. If the subrogor still has a pecuniary interest in the claim, the action shall be brought in the names of the subrogor and the subrogee.”
If the subrogee is not named as a plaintiff the defendant may compel joinder of the insurer. ARCP 19(a).
The appellant’s argument, that Excalibur should have been dismissed as a party based on its agreement with Roberts, was based on Smith v. Springsteen, 385 So.2d 56 (Ala.Civ.App.1980). In that case the insurer filed a separate action against the defendant, which was consolidated for trial with the insured’s action. The defendant filed a motion to add the insurer as a party plaintiff in the action filed against defendant by the insured. Although the motion was granted, the complaint was nev *1234 er amended to add the subrogee. Prior to the trial the insurer and the insured entered into an agreement whereby the insured agreed to pay the insurer out of any recovery from the defendant. The trial court entered an order to that effect. At trial the defendant moved to dismiss the insured’s case against him for failure to add the insurer. The trial court denied the motion.
On appeal, the Court of Civil Appeals refused to overturn a judgment for the insured despite the trial court’s failure to compel joinder of the insurance company. The court acknowledged that ARCP 17(a) dictates that the subrogee be a party plaintiff. It pointed out, however, that the purpose of the rule is to prevent a subsequent action against the defendant and ensure that a judgment will have res judicata effect. Therefore, the court concluded, since the trial court incorporated the agreement into its order, the defendant was protected from the possibility of double recovery and the trial court’s failure to join the insured was harmless error. ARCP 45.
Based on Smith v. Springsteen, supra, appellant would have us reverse the trial court for refusing to dismiss Excalibur as a party to the action. Smith v. Springsteen did not, however, require that the insurer be dismissed as a party. It merely ruled that under the facts of that case the failure to join the insured was not reversible error. We are impressed by appellant’s argument that to dismiss Excalibur’s complaint with prejudice would allow the defendant to be protected from the possibility of double recovery while preventing the jury from the possibility of being improperly prejudiced by the presence of an insurance company in the case. Such a procedure is not, however, provided for by Alabama law. ARCP 17(a) is very clear on this point. It states that the action shall be brought in the name of the subrogee, regardless of whether its sub-rogation rights arose by virtue of operation of law, assignment, loan receipt, or otherwise. In other words, the acts giving rise to the rights of subrogation, not the form of any agreement between insured and insurer, are determinative of who shall be made a party. To adopt the appellant’s position, it would be necessary to ignore the clear language of rule 17(a).
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.