Petition for writ of mandamus to issue to the Honorable Rudolph W. Slate, Judge of the Circuit Court of Morgan County. The writ is granted.
The petitioner, Bobby J. Howell, sustained personal injuries in an accident while employed as a construction worker for Henry M. Leiman, Inc., a corporation. Howell was paid workmen's compensation benefits of approximately $21,584 by the Aetna Casualty Surety Company (Aetna), the workmen's compensation carrier for Howell's employer.
Subsequently, Howell filed an action in the Circuit Court of Morgan County against Henry M. Leiman, individually, Bill Wood, and certain fictitious parties to recover damages on account of those injuries. This was a third-party action brought under Code of 1975, § 25-5-11. It claimed that Howell's injuries resulted from the negligence and/or wantonness of Leiman and Wood, the supervisory employees of the corporate employer. At the time of the accident, Henry M. Leiman was president of Henry M. Leiman, Inc., and Bill Wood was the job superintendent.
After Howell filed this third-party lawsuit, defendant Henry M. Leiman moved that the circuit court order Howell to name Aetna as a party plaintiff. The grounds asserted in support of this motion were:
(1) That Aetna was subrogated to any and all claims for workmen's compensation benefits paid to Howell;
(2) That Aetna has a subrogation interest in the case and that the action should be brought and prosecuted in the name of Howell and Aetna; and
(3) That Aetna is a necessary party to the adjudication of the case in accord with Rules 17 (a) and 19 (a), A.R.Civ.P.
Judge Slate, in due course, entered the order prayed for. Howell then filed this petition to obtain a rescission of that order.
The basic legal question presented is whether Aetna, the compensation carrier, must be joined in the third-party action as a party plaintiff under Rules 17 (a) and 19 (a), A.R.Civ.P., in view of Code of 1975, § 25-5-11.
Rule 17 (a) provides that:
 "Every action shall be prosecuted in the name of the real party in interest. . . . *Page 663 
 "In subrogation cases, regardless of whether subrogation has occurred by operation of law, assignment, loan receipt, or otherwise, if the subrogor no longer has a pecuniary interest in the claim, the action shall be brought in the name of the subrogee. If the subrogor still has a pecuniary interest in the claim, the action shall be brought in the names of the subrogor and the subrogee."
Rule 19 (a) recites that:
 "A person who is subject to jurisdiction of the court shall be joined as a party in the action if . . . (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party."
Respondents contend that Aetna has a pecuniary interest in Howell's claim against Leiman and Wood which derives from the language of Code of 1975, § 25-5-11, which reads in part:
 "If the injured employee . . . recover[s] damages
against such other party, the amount of such damages so recovered and collected shall be credited upon the liability of the employer for compensation, and if such damages so recovered and collected should be in excess of the compensation payable under this chapter, there shall be no further liability on the employer to pay compensation on account of such injury . . . and the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of such injury or death."
(Emphasis added.)
According to the respondents, the case of Roberts v. Hughes,432 So.2d 1232 (Ala. 1983), supports the conclusion that Aetna must be joined here. In that case, Roberts filed an action against Hughes and Super Valu Stores for injuries he sustained in a traffic collision. Roberts had received payments of money from Excalibur Insurance Company under its coverage of him for collision and workmen's compensation benefits. Excalibur moved to intervene in Roberts's action against Hughes and Super Valu Stores. The trial court granted Excalibur's motion and Excalibur became a party plaintiff. Before trial occurred, however, Excalibur and Roberts made an agreement whereby Roberts promised to pay Excalibur $23,887.87 from any recovery from the defendants, whereupon Excalibur promised in exchange to dismiss its complaint in intervention. Excalibur then moved to dismiss that complaint. The trial court denied that motion. After Roberts and Excalibur lost in the trial on the merits, Roberts appealed to this Court, claiming error in the refusal to dismiss Excalibur's complaint in intervention. This Court, in affirming the action of the lower court, took note of Rule 17 (a), A.R.Civ.P., observing that "the subrogee, as real party in interest, is the proper plaintiff regardless of the form of the transaction between the insurer and the insured." This Court added:
 "It [A.R.Civ.P. 17 (a)] states that the action shall be brought in the name of the subrogee, regardless of whether its subrogation rights arose by virtue of operation of law, assignment, loan receipt, or otherwise. In other words, the acts giving rise to the rights of subrogation, not the form of any agreement between insured and insurer, are determinative of who shall be made a party." 432 So.2d at 1234.
The petitioner, Howell, on the other hand, contends that the earlier decision of this Court in Hughes v. Newton, 295 Ala. 117, 324 So.2d 270 (1975), controls the facts here and compels the issuance of the writ. Hughes was also a third-party action involving the payment of workmen's compensation benefits. In that case, the employee was paid $2,982.56 in such benefits by her employer's insurance carrier. She later filed an action against her employer's *Page 664 
"principal executive officer" to recover damages for the same job-related injury. The workmen's compensation insurance carrier for the employer was also the liability insurance carrier for the individual defendant. This insurance carrier petitioned to intervene as a party plaintiff in the action filed against the individual defendant, citing Rule 24, A.R.Civ.P. This Court held that the extraordinary facts of the case prevented
 "the discretionary allowance of intervention where the insurance company . . . represents the third party defendant and is also seeking, through intervention, status as a party plaintiff. Such a patent conflict of interest exists as to bar the right of unencumbered intervention. The potential for collusion is so inherent as to preclude a showing to the contrary within the spirit of Rule 24." 295 Ala. at 120, 324 So.2d at 272.
See also Southern v. Plumb Tools, A Div. of O'Ames Corp.,696 F.2d 1321 (11th Cir. 1983).
Having disposed of the case on that narrow ground, this Court, by way of obiter dictum, proceeded to set guidelines for the allowance of intervention in the ordinary workmen's compensation case brought under Title 26, § 312 (Alabama Code of 1940, Recomp. 1958), now § 25-5-11. "Ordinarily," the Court observed:
 "Rule 24 anticipates potential future litigation brought by or involving the intervenor. The purpose of allowing intervention in such cases is to discourgage multiplicity of litigation and to relieve the intervenor from the possible prejudice of `stare decisis in later litigation involving the same questions of law and fact to which the unsuccessful applicant for intervention is finally a party.'
. . .
 "In the § 312 [now § 25-5-11] situation, however, no future litigation is contemplated. [Citing Liberty Mutual Ins. Co. v. Lockwood Greene Engineering, Inc., 273 Ala. 403, 140 So.2d 821
(1962).] The compensation carrier will be reimbursed from the employee's judgment, if any, whether or not it intervenes. Since the employee is seeking exactly the same recovery as the insurer, the usual case will be resolved by the final clause of Rule 24 (a)(2), `. . . the applicant's interest is adequately represented by existing parties.'
 "Thus, in the [§ 25-5-11] case, the motives for liberally allowing intervention are absent and the right to intervene by the compensation carrier should be more restricted than in other Rule 24 cases. Before intervention should be allowed over the objection of the plaintiff in a [§ 25-5-11] third party action, the applicant must meet a burden of showing to the satisfaction of the trial court that he can make a substantial contribution toward a favorable outcome of the plaintiff-employee's case.
 "A mere showing that the applicant is the employer or his compensation carrier and the extent of its right of reimbursement is insufficient to meet this burden. If, on the other hand, the applicant can demonstrate active participation in the preparation of the third party action; that it has in its possession significant information or data essential to the prosecution of the third party suit; or that the employee-plaintiff is inadequately represented or otherwise less likely to succeed in his effort to effect recovery without the intervenor's active participation; then, in such event unencumbered intervention (i.e., full participation in the litigation) should be allowed." 295 Ala. at 120-121, 324 So.2d at 273.
Of course, it will not have escaped notice that these conditions were considered to apply to a Rule 24 situation, that is, to intervention. Intervention is a method by which "an outsider with an interest in a lawsuit may come in as a party" on his own application. Wright Miller, Federal Practice andProcedure, § 1901 (1st ed. 1972) at 464. Intervention must be distinguished from joinder, which is a method by which one may be compelled to become a party. Rule 19, A.R.Civ.P.; Wright 
Miller, supra, § 1602 at 17; § 1901 at 464. The rules governing intervention and joinder, *Page 665 
however, do not provide automatic participation in the lawsuit in all instances. Quite the contrary, Rules 19 and 24 both provide certain conditions for joinder and intervention. Rule 19 (a) requires joinder only if (1) complete relief cannot otherwise be given to those already parties; and (2) the person to be joined:
 "claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."
In the situation before us, we are not concerned with Rule 24. Thus, we do not consider whether Aetna should or should not be made a party either through permissive intervention or by right. Rather, the question before us is whether Aetna, as a workmen's compensation carrier, which has paid benefits to the workman, is a "real party in interest" under Rule 17 (a) and, accordingly, may be joined in the action under Rule 19. Consideration of pertinent federal decisions, together with perusal of § 25-5-11, leads to the conclusion that Aetna is not a "real party in interest" under these circumstances.
Who is a real party in interest under Rule 17 (a)? Professor Moore's definition is this:
 "The meaning and object of the real party in interest provision [of Rule 17] would be more accurately expressed if it read:
 "An action shall be prosecuted in the name of the party who, by the substantive law, has the right sought to be enforced." (Emphasis in original.)
3A J. Moore, Federal Practice, § 17.02 at 53 (2d ed. 1953).
A leading case applying this principle is United States v.Aetna Cas. Surety Co., 338 U.S. 366, 70 S.Ct. 207,94 L.Ed. 171 (1949). There, the United States Supreme Court recognized that the "insurer-subrogee, who has substantive equitablerights, qualifies as [a real party in interest]." That Court made it clear, however, that such substantive equitable rights were "substantive rights against the tortfeasor." Aetna, supra,338 U.S. at 380, 70 S.Ct. at 215. That Court then proceeded to determine whether or not Aetna possessed substantive rights against the third-party tortfeasor under the applicable substantive law of that case, i.e., the Federal Tort Claims Act.
Another significant decision applying the "substantive rights against the tortfeasor" principle is Joyner v. F BEnterprises, Inc., 448 F.2d 1185 (D.C. Cir. 1971). In that case, one Joyner was injured in the course of his employment and was paid workmen's compensation benefits by his employer's insurance carrier. Joyner then filed a third-party action in federal district court against the person allegedly responsible for his injuries and that person's employer. Those defendants moved to have the compensation insurance carrier joined as a party-plaintiff in Joyner's third-party action. The district court granted that motion and denied Joyner's motion in opposition. On appeal, the United States Court of Appeals for the District of Columbia reversed. That court looked to the applicable provisions of the Longshoremen's and Harbor Workers' Compensation Act to determine whether or not the substantive law gave the insurance carrier any substantive rights against the alleged tortfeasors. That is, and as the court stated, it sought to determine the "nature" of the insurance carrier's subrogation rights once it had paid benefits in order to determine whether it was a "real party in interest."
The court found particular guidance in section 33 (b) of the Longshoremen's Act, 33 U.S.C. § 933 (b) (1964), which stated:
 "Acceptance of [workmen's] compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all rights of the person entitled to compensation to recover damages against such third person unless such *Page 666 
person shall commence an action against such third person within six months after such award."
In discussing the consequences of the employee's bringing the third-party action, the Court of Appeals stressed the importance of the following questions:
 "Where compensation benefits are paid without an award, and the employee commences a third-party action, what substantive right does the employer-assignee then enjoy? Does the employer-assignee retain a substantive right as against the third party? Or, is there merely a right as against the employee if the employee succeeds in his third-party action?" (Emphasis in original.) 448 F.2d at 1187.
The court recognized that the compensation carrier did receive subrogation benefits when it made payments to the injured employee. However, it found that when those payments were made without an award under § 933 (b) of the Act the onlyright the insurance carrier possessed was an interest in anyproceeds recovered in Joyner's action against his allegedtortfeasor. The court stated, at 1188:
 "Only if [the insurance carrier] had obtained a formal award of benefits, and Joyner had not commenced a third-party action within six months of the entry of the award [under § 33 (b)], would [the carrier] have a substantive right directly against the third-party tortfeasor. This being the case, [the carrier] is not a `real party in interest' in Joyner's suit against the third-party tortfeasor." (Emphasis added.)
Cf. Travelers Ins. Co. v. District of Columbia, 382 A.2d 269
(D.C.App. 1978) (insurer has nonstatutory rights not preempted by § 933 under theory of "independent wrong" committed by alleged tortfeasor).
That the "real party in interest" is the one owning the substantive right to be enforced is a principle also followed in other decisions. See, for example, Doyle v. Colborne Mfg.Co., 93 F.R.D. 536 (D.Kan. 1982), and Beaver v. Ambros, Inc.,432 F. Supp. 1330 (D.Guam 1977). As in Joyner, supra, the court in Doyle determined from the statutory scheme of the Kansas Workmen's Compensation Act that there had not been a statutory assignment of the injured workmen's cause of action against the third party wrongdoer. It cited an earlier case, Pyle v. KansasGas Electric Co., 23 F.R.D. 148 (D.Kan. 1959), which had analyzed the Kansas statute, concluding that no statutory assignment occurred when the employee had brought his action within one year of his injury. Pyle held that the compensation insurer was not a real party in interest under Kansas substantive law until there had been an assignment by operation of law, i.e., the employee had not brought his action within one year of his injury under the statute; nor had he reached a settlement with or obtained a recovery from the tortfeasor. The court in Doyle negated any assignment which would bestow "real party in interest" status "except perhaps when the employee shows no inclination to press his cause of action himself and the employer decides to do so in the employer's own name beyond the applicable [statutory] time limitations [which required the employee to bring his third-party action within one year of his accident]." 93 F.R.D. at 538.
It is, of course, true that our Rule 17 referring to subrogation cases states that, "regardless of whether subrogation has occurred by operation of law, assignment, loan receipt, or otherwise, if the subrogor no longer has a pecuniary interest in the claim, the action shall be brought in the name of the subrogee." The question to be resolved, however, is whether the nature of the interest of the insurer-subrogee is such that he may be joined under Rule 19. The answer to that question, like that in the federal cases cited above, depends upon the statutory rights of the insurer.
An early Alabama case, Metropolitan Cas. Ins. Co. of New Yorkv. Sloss-Sheffield Steel Iron Co., 241 Ala. 545, 3 So.2d 306
(1941), held that under Title 26, § 311, Alabama Code of 1940, if the employee elected to receive compensation from his employer, then his employer or the latter's insurance carrier was subrogated *Page 667 
to the employee's right to recover against the tortfeasor and could bring legal proceedings to recover the amount of compensation payable. That statute, however, was repealed in 1947. Its companion statute, § 312, was amended that year and was interpreted by this Court and by the Court of Civil Appeals to mean that the employee, or his dependents in case of his death, had the exclusive authority to bring the action, unless they failed to bring the action within the time allowed by law, in which case the employer or his insurer then had the right to proceed against the third-party tortfeasor. Orum v. EmployersCas. Co., 348 So.2d 792 (Ala.Civ.App. 1977); Liberty MutualIns. Co. v. Lockwood Greene Engineers, Inc., 273 Ala. 403,140 So.2d 821 (1962).
That section exists in essentially the same form presently as § 25-5-11. Under it, the employee is given a cause of action against his tortfeasor, and any damages collected therein are "credited upon the liability of the employer for compensation." If he recovers damages in excess of compensation payable, the employer has no further liability to pay compensation, and the employer is entitled to reimbursement for compensation theretofore paid.
Thus, it can be seen that when the injured employee exercises his statutory right to initiate his exclusive action against the alleged third-party tortfeasor, the insurance carrier is not a "real party in interest" under Rule 17 (a). The interest to which it is "subrogated" is in whatever recovery is obtained by the employee against the tortfeasor. The statute, § 25-5-11, gives the insurer no "right to be enforced" against thetortfeasor in that instance, and thus the insurer is not a real party in interest under these circumstances. Hence, it can be seen that the comments of this Court in Hughes v. Newton,supra, dealing with the effect of § 25-5-11 upon intervention under Rule 24, are equally apropos here:
 "The compensation carrier will be reimbursed from the employee's judgment, if any, whether or not it intervenes [and even when it is not joined]. Since the employee is seeking exactly the same recovery as the insurer, the usual case will be resolved by the final clause of Rule 24 (a)(2), `. . . the applicant's interest is adequately represented by existing parties.'" 295 Ala. at 121, 324 So.2d at 273.
Not being a "real party in interest," therefore, the insurance carrier here, Aetna, is not required to be joined under Rule 19 (a). To the extent that the case of Roberts v.Hughes, supra, is contrary to the views expressed herein, it must be considered modified.
The writ of mandamus is granted. The Honorable trial court is directed to rescind the order naming Aetna as a party plaintiff in the case of Bobby J. Howell against Henry M. Leiman, Bill Wood, et al.
WRIT GRANTED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES and ADAMS, JJ., concur.
FAULKNER and EMBRY, JJ., concur specially.