Roberts v. Hughes, 432 So.2d 1232 (Ala. 1983), is not in conflict with the opinion here. Roberts involved a different issue. The insurer in that case had paid benefits under an automobile insurance policy as well as under a workmen's compensation policy. See 432 So.2d at 1233. Upon payment of collision benefits to its insured, the insurer was entitled to proceed against the third-party tortfeasor. Fidelity GuarantyFire Corp. v. Silver Fleet Motor Express, 242 Ala. 559,7 So.2d 290 (1942). The insurer in Roberts v. Hughes was, therefore, a subrogee. Its payment of workmen's compensation benefits did not affect its status as a subrogee. The issue in Roberts v.Hughes was whether the subrogee could defeat the operation of Rule 17 (a), A.R.Civ.P., by entering into an agreement with its insured. Based on the express language of Rule 17 (a), this court *Page 668 
ruled that the agreement, which was tantamount to a "loan receipt," did not defeat the operation of the rule.
The conclusion that the defendant is not entitled to join Aetna as a plaintiff is based on a construction of § 25-5-11, Code 1975. That statute provides that when a workmen's compensation carrier has paid benefits to an employee the insurer is to be reimbursed out of any recovery by the employee against a third-party tortfeasor. If the employee fails to bring an action against the tortfeasor within the time allowed by law, the insurer may bring the action. In the case at bar the employee has neither recovered anything from the defendant nor failed to bring a timely action.
The decision in this case that Aetna is not required to be joined should not be taken as a repudiation of the express language of Rule 17 (a). Aetna is not a subrogee in the true sense of the word. The language in Rule 17 (a) dealing with subrogation cases is simply inapplicable to the facts of this case. Roberts v. Hughes should be distinguished from the case at bar.
EMBRY, J., concurs.